# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

| | | |
|---|---|---|
| **FRANK PEREZ, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 2:18-cv-295-JTM-JEM** |
| | ) | |
| **JOHN BUNCICH, in his official capacity** | ) | |
| **as SHERIFF OF LAKE COUNTY; EDWARD** | ) | |
| **DAVIES, individually and in his official capacity** | ) | |
| **as Jail Administrator of Lake County Jail;** | ) | |
| **DR. WILLIAM FORGEY, individually and in** | ) | |
| **his official capacity as Medical Director of Lake** | ) | |
| **County Jail; UNKNOWN EMPLOYEES OF** | ) | |
| **LAKE COUNTY JAIL; CORRECTIONAL** | ) | |
| **HEALTH INDIANA, INC., and UNKNOWN** | ) | |
| **EMPLOYEES OF CORRECTIONAL HEALTH** | ) | |
| **INDIANA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

The defendants, William Forgey, M.D. & Correctional Health Indiana, Inc., for their respective answers, responses, and defenses to the plaintiff's complaint, state as follows:

1.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Frank Perez, Jr.'s rights as secured by the United States Constitution.

**ANSWER:**

The allegations of paragraph 1 constitute a legal conclusion in regard to which no answer is required. To the extent that an answer is required, the defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 1 of plaintiff's complaint.

2.      Prior to July 20, 2016, Mr. Perez was an inmate of a Federal correctional facility under the supervision of the Federal Bureau of Prisons in Terre Haute, Indiana (Registration No: 33169-068). Mr. Perez was transferred to the Lake County Jail, located in Crown Point, Indiana, where he was held awaiting the resolution of the matter United States of America vs. Frank Perez, Jr., Cause No.: 2:13-CR-00111 which was pending in the Northern District Court of Indiana, Hammond Division. On or about July 20, 2016, Mr. Perez was waiting to be removed from his cell for a scheduled visitation at the Lake County Jail. Without making contact with Mr. Perez prior to opening his cell or advising Mr. Perez that he was opening his cell, Defendant Unknown Employees of Lake County Jail opened his cell. Mr. Perez's hand was on the bars of the cell door. When the door was opened, Mr. Perez's hand was crushed in between the bars causing significant injury to his hand. Mr. Perez's several requests for medical treatment were ignored. After approximately twenty-seven (27) days from his injury, Mr. Perez finally received the necessary treatment.

**ANSWER:**

The defendants deny that plaintiff made "several requests" of them to provide medical treatment of his hand and further deny that any request for medical treatment was ignored; and the defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 2 of plaintiff's complaint.

## THE PARTIES

3.      In July 2016, Frank Perez was an inmate of the Lake County Jail and a resident of Lake County, Indiana.

**ANSWER:**

The defendants admit that in July of 2016, Frank Perez was an inmate of the Lake County Jail; and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 3 of plaintiff's complaint.

4.     At all relevant times hereto, the Lake County Jail was operated by the Lake County Sheriff, Defendant John Buncich.

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 4 of plaintiff's complaint

5.     At all times relevant to the events at issue in this case, Defendant Buncich was the duly elected Sheriff of Lake County, Indiana. As such, Defendant Buncich was acting under color of law. He is sued in his official and individual capacities.

**ANSWER:**

The defendants admit that in July of 2016, John Buncich was the Lake County Sheriff; and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 5 of plaintiff's complaint.

6.     At all times relevant to the events at issue in this case, Defendant Buncich promulgated rules, regulations, policies, and procedures as Sheriff of Lake County for the provision of certain medical care by medical personnel and corrections officers, including administration of medical treatment and medication, to detainees at Lake County Jail. Defendant Buncich's policies were implemented by and through jail employees and contractors, including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Lake County Jail.

**ANSWER:**

The defendants admit that former Lake County Sheriff Buncich promulgated policies and procedures under the direction of the Department of Justice, including those affecting the delivery of medical care of inmates at the Jail; the defendants admit that Dr. Forgey, advanced level providers, and nurses of Correctional Health Indiana, Inc. rendered, and do render, health care to detainees at the Lake County Jail; and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 6 of plaintiff's complaint.

3

7. At all times relevant to the events at issue in this case, Defendant Buncich promulgated rules, regulations, policies, and procedures as Sheriff for the training, supervision, and discipline of correctional offices and medical personnel with respect to: (1) communicating or failing to communicate detainee requests for medication or medical attention to medical care personnel; (2) alerting or failing to alert medical care personnel to detainees' medical needs; and (3) providing or failing to provide medication or medical attention to detainees. Defendant Buncich's policies were implemented by and through Jail employees and contractors including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Lake County Jail.

**ANSWER:**

The defendants admit that former Lake County Sheriff Buncich promulgated policies and procedures under the direction of the Department of Justice, including those affecting the delivery of medical care of inmates at the Jail; the defendants admit that Dr. Forgey, advanced level providers, and nurse practitioners of Correctional Health Indiana, Inc. rendered, and do render, health care to detainees at the Lake County Jail; and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 7 of plaintiff's complaint.

8. At all times relevant to the events at issue in this case, Defendant Buncich promulgated rules, regulations, policies and procedures as Sheriff of Lake County for how inmates are to be released from their cells.

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 8 of plaintiff's complaint.

9.     At all times relevant to the events at issue in this case, Defendant Buncich, as Sheriff of Lake County, was the final policymaker for the Lake County Sheriff's Department and the Lake County Jail.

**ANSWER:**

The allegations of paragraph 9 constitute a legal conclusion in regard to which no answer is required. To the extent that an answer is required, the defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 9 of plaintiff's complaint.

10.     At all times relevant to the events at issue in this case, Defendant Edward Davies was employed by the Lake County Sheriff's Department as the Jail Administrator. As such, Defendant Davies was acting under color of law. He is sued in his official and individual capacities. In his role as Jail Administrator, Defendant Stewart was responsible for ensuring that the Jail provided lawful treatment and care to the Jail detainees and that the practices of the Jail complied with federal and state requirements for the treatment of detainees, including that detainees are provided with proper medical care. Defendant Davies had personal knowledge that detainees were not provided with proper medical care. Defendant Davies had personal knowledge that detainees were not being provided with proper medical care, and thus that the Jail, its employees, and its contractors were not meeting their obligations to provide proper medical care, and Defendant Davies implemented, enforced, and/or condoned such practices.

**ANSWER:**

The defendants deny that detainees of the Lake County Jail "were not being provided with proper medical care" and deny that the Jail's "contractors were not meeting their obligations to provide proper medical care;" and, therefore, defendants deny that defendant Davies "had personal knowledge that detainees were not being provided with proper medical care." The defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 10 of plaintiff's complaint.

11.     At all times relevant to the events at issue in this case, as Jail Administrator, Defendant Davies was responsible for ensuring that the practices of the Jail, with respect to releasing detainees from their cells. Defendant Davies had personal knowledge that Lake County Jail Employees were not properly following policies and procedures when releasing detainees.

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 11 of plaintiff's complaint.

12.     At all times relevant to the events at issue in this case, Defendant Dr. William Forgey was medical director of Lake County Jail. As medical director, Defendant Forgey had responsibility for overseeing the Jail's medical department, and for responding to detainees' health and medical needs that were brought to his attention. The health and medical needs of Plaintiff, and the injuries that Plaintiff suffered as a result of the Jail's policies and practices, were brought to the attention of Defendant Forgey, and Forgey was deliberately indifferent to them.

**ANSWER:**

The defendants admit that Dr. William Forgey was and is medical director of Correctional Health Indiana, Inc., which provides health care services to inmates and detainees at the Lake County Jail; the defendants admit that Dr. Forgey supervises the Jail's medical department and that he does and will, when feasible and appropriate, respond to certain health and medical care needs of detainees upon being notified of them; and defendants deny the remaining allegations of paragraph 12 of plaintiff's complaint.

13.     At all times relevant to the events at issue in this case, Unknown Employees of Lake County jail ("LCJ") were employed by the Lake County Sheriff's Department and worked at the LCJ as correctional officers. As such, these Defendants were acting under color of law.

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 13 of plaintiff's complaint.

14.     Defendant Correctional Health Indiana, Inc. ("CHI"), is a for-profit Indiana Corporation with its principal place of business at 817 Veterans Lane, Crown Point, Indiana 46307. At all times relevant to the events at issue in this case, Defendant Correctional Health contracted with Lake County and the Lake County Sheriff's Department to provide medical evaluation, care, treatment and medication to detainees incarcerated at the LCJ. In its capacity as a contractor to the LCJ, Defendant CHI was, at all relevant times, acting under color of law.

**ANSWER:**

The defendants admit that Correctional Health Indiana, Inc. is a for-profit Indiana corporation with corporate offices located at 827 Veterans Lane in Crown Point, Indiana 46307; the defendants admit that it was and is contracted to provide medical care and treatment to detainees incarcerated at the Lake County Jail; and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 14 of plaintiff's complaint.

15.     At all times relevant to the events at issue in this case, Defendant CHI, in its capacity as contractor to the LCJ, promulgated rules, regulations, policies, and procedures for the provision of certain medical care by medical personnel and correctional officers, including administration of medical care and medication, to detainees at the LCJ. Defendant CHI's policies were implemented by and through Jail employees and contractors, including the individual Defendant officers and individual Defendant Medical Care providers, who were responsible for the medical care of detainees at LCJ.

**ANSWER:**

The defendants deny the allegations of paragraph 15 of plaintiff's complaint.

16. At all times relevant to the events at issue in this case, Defendant CHI, in its capacity as contractor to the LCJ, promulgated rules, regulations, policies and procedures for the training, supervision, and discipline of correctional officers and medical personnel with respect to: (1) communicating or failing to communicate detainee requests for medication or medical attention to medical care personnel; (2) alerting or failing to alert medical care personnel to detainees' medical needs; and (3) providing or failing to provide medication or medical attention to detainees. Defendant Correctional Health's policies were implemented by and through Jail employees and contractors including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Lake County Jail.

**ANSWER:**

The defendants deny the allegations of paragraph 16 of plaintiff's complaint.

17. At all times relevant to the events at issue in this case, Defendants Unknown Employees of Correctional Health were employees of Correctional Health and had the responsibility to provide evaluation, care, treatment, and medication to detainees incarcerated at the Lake County Jail.

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 17 of plaintiff's complaint.

## FACTS

18. Prior to July 20, 2016, Mr. Perez was an inmate of a Federal correctional facility under the supervision of the Federal Bureau of Prisons in Terre Haute, Indiana (Registration No: 33169-068).

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 18 of plaintiff's complaint.

19.     Mr. Perez was transferred to the Lake County Jail, located in Crown Point, Indiana, where he was held awaiting the resolution of the matter United States of America vs. Frank Perez, Jr., Cause No.: 2:13-CR-00111 which was pending in the Northern District Court of Indiana, Hammond Division.

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 19 of plaintiff's complaint.

20.     On or about July 20, 2016, Mr. Perez was waiting to be removed from his cell for a scheduled visitation at the LCJ.

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 20 of plaintiff's complaint.

21.     Mr. Perez knew that the policy and/or practice of the LCJ was that a correctional officer must make contact with Mr. Perez prior to opening his cell.

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 21 of plaintiff's complaint.

22.     Without making contact with Mr. Perez prior to opening his cell or advising Mr. Perez that his cell was being opened, Defendant Unknown Employees of LCJ opened his cell.

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 22 of plaintiff's complaint.

23.     Mr. Perez's hand was on the bars of the cell door. When the door was opened, Mr. Perez's hand was crushed in between the bars.

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 23 of plaintiff's complaint.

24.     Mr. Perez immediately screamed in pain and Unknown Defendant of Lake County Jail closed the cell door crushing Mr. Perez's hand again.

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 24 of plaintiff's complaint.

25.     Mr. Perez's suffered significantly injury including breaking multiple bones.

**ANSWER:**

The defendants admit that in July of 2016 plaintiff sustained a single fracture to the fourth metacarpal bone of his left hand; defendants deny that plaintiff broke multiple bones; and defendants are without sufficient knowledge or information by which to admit the remaining allegations of paragraph 25 of plaintiff's complaint.

26.     Mr. Perez, in excruciating pain, immediately requested and demanded medical attention.

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 26 of plaintiff's complaint.

27.     After approximately one and one-half hours of constantly requesting medical assistance, Defendants Unknown Employees of LCJ and Unknown Employees of CHI refused Mr. Perez medical attention; however, brought him an ice pack and ibuprofen.

**ANSWER:**

The defendants deny the allegations of paragraph 27 of plaintiff's complaint.

28.     Mr. Perez requested/demanded to see the doctor; however he was refused.

**ANSWER:**

The defendants deny the allegations of paragraph 28 of plaintiff's complaint.

29.     Mr. Perez requested/demand several times for a grievance form for the failure to provide him medical attention, but Defendant Unknown Officers of LCJ and Defendant Unknown Employee of CHI refused to provide Mr. Perez with a grievance form.

**ANSWER:**

The defendants deny the allegations to the extent that said allegations pertain to them; and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 29 of plaintiff's complaint.

30.     On or about July 23, 2016, Mr. Perez was finally brought to the medical center at the LCJ where he received x-rays.

**ANSWER:**

The defendants admit that x-rays were taken of plaintiff's left hand but deny the remaining allegations of paragraph 30 of plaintiff's complaint.

31.     On or about July 25, 2016, Mr. Perez was taken to the emergency room at Methodist Hospital.

**ANSWER:**

The defendants deny the the allegations of paragraph 31 of plaintiff's complaint.

32.     Mr. Perez, Defendant Unknown Employees of LCJ and Unknown Employees of CHI were advised by the doctor that Mr. Perez's hand required surgery.

**ANSWER:**

The defendants admit that the orthopedic surgeon to whom Dr. Forgey referred plaintiff indicated that surgery was required for plaintiff's left hand; and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 32 of plaintiff's complaint.

33.     A surgery was scheduled for July 29, 2016.

**ANSWER:**

The defendants deny the allegations of paragraph 33 of plaintiff's complaint.

34.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey and Defendant Davies intentionally and deliberately failed to transport Mr. Perez to Methodist Hospital on July 29, 2016 to receive surgery.

**ANSWER:**

The defendants deny the allegations of paragraph 34 of plaintiff's complaint.

35.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr: Forgey and Defendant Davies transported Mr. Perez to Methodist Hospital on August 10, 2016 for medical treatment.

**ANSWER:**

The defendants admit that plaintiff was transported to Methodist Hospital for surgery on August 10, 2016 but deny that Dr. Forgey and "unknown employees of CHI" transported him; and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 35 of plaintiff's complaint.

36.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey and Defendant Davies were advised that there would be an approximately one hour wait until Mr. Perez could begin his surgery.

**ANSWER:**

The defendants deny the allegations of paragraph 36 of plaintiff's complaint.

37.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant

Sheriff Buncich, Defendant Dr. Forgey and Defendant Davies were unwilling to wait and, despite

the insistence from the doctor that Mr. Perez required immediate surgery, returned him to LCJ.

**ANSWER:**

The defendants deny the allegations of paragraph 37 of plaintiff's complaint.

38.     Mr. Perez continued to complain of severe pain.

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit
or deny the allegations of paragraph 38 of plaintiff's complaint.

39.     Finally, Defendants Unknown Employees of LCJ, Unknown Employees of CHI,

Defendant Sheriff Buncich, Defendant Dr. Forgey and Defendant Davies took Mr. Perez back to

Methodist Hospital on August 16, 2016 where he received surgery.

**ANSWER:**

The defendants admit that on August 16, 2016 plaintiff underwent surgery on his left
hand at Methodist Hospital but deny that Dr. Forgey and "Unknown Employees of
CHI" took him there; and defendants are without sufficient knowledge or information
by which to admit or deny the remaining allegations of paragraph 39 of plaintiff's
complaint.

40.     Upon returning to the LCJ from surgery, Mr. Perez was denied his one-hour cell

release as retaliation for his continued complaints and grievances.

**ANSWER:**

The defendants deny that any action undertaken in relation to plaintiff was in
"retaliation for his continued complaints and grievances;" and defendants are without
sufficient knowledge or information by which to admit or deny the remaining
allegations of paragraph 40 of plaintiff's complaint.

41. causing significant injury to his hand. Mr. Perez's several requests for medical treatment were ignored. After approximately twenty-seven (27) days from his injury, Mr. Perez finally received the necessary treatment.

**ANSWER:**

The allegations of paragraph 41 of plaintiff's complaint are incomplete, and therefore cannot be fully answered; however, to the extent that the averments are comprehensible, the defendants deny that "Mr. Perez's several requests for medical treatment were ignored;" the defendants deny any allegation or implication that plaintiff did not receive prompt, appropriate and indicated medical care and treatment of his hand injury and further deny any claim that plaintiff did not receive appropriate medical until "approximately twenty-seven (27) days from his injury,"; and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 41 of plaintiff's complaint.

42. Defendants Sheriff Buncich and Defendant Davies promulgated rules and procedures on how an inmate should be released from his cell at the LCJ.

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 42 of plaintiff's complaint.

43. Defendants Sheriff Buncich and Defendant Davies provided inadequate training, supervision and discipline to personnel at the LCJ regarding the policy and procedure about how an inmate should be released from his cell.

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 43 of plaintiff's complaint.

44.     Defendants Sheriff Buncich and Defendant Davies' knew of should have known that their failure to provide adequate training, supervision and discipline would result in injury to an inmate.

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 44 of plaintiff's complaint.

45.     As a result of Defendants Sheriff Buncich and Davies' conduct, Mr. Perez suffered immense pain and permanent injury.

**ANSWER:**

The defendants deny the allegations of paragraph 45 of plaintiff's complaint.

46.     As a result of Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies conduct, Mr. Perez suffered immense pain and permanent injury.

**ANSWER:**

The defendants deny the allegations of paragraph 46 of plaintiff's complaint.

47.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies have engaged in a pattern and practice of failing and/or refusing to provide adequate and necessary medical treatment to inmates.

**ANSWER:**

The defendants deny the allegations of paragraph 47 of plaintiff's complaint.

48.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies have engaged in a pattern and practice of failing to adequately treat inmates who require medical care.

**ANSWER:**

The defendants deny the allegations of paragraph 48 of plaintiff's complaint.

49.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies have acted with deliberate indifference toward Mr. Perez's medical needs and well-being, in that they knew of the substantial injuries and they ignored his requests for medical treatment.

**ANSWER:**

The defendants deny the allegations of paragraph 49 of plaintiff's complaint.

50.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies actions and inactions have amounted to unnecessary and wanton infliction of pain and grief.

**ANSWER:**

The defendants deny the allegations of paragraph 50 of plaintiff's complaint.

51.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies actions and inactions toward Mr. Perez have caused him physical and emotional injury, and have created significant and permanent scarring.

**ANSWER:**

The defendants deny the allegations of paragraph 51 of plaintiff's complaint.

52. Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies have violated Mr. Perez's clearly established and well-settled federal and state constitutional rights, including his right to be free from deliberate indifference to his medical needs and well-being.

**ANSWER:** The defendants deny the allegations of paragraph 52 of plaintiff's complaint.

53. Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies acted with callous indifference toward Plaintiff's federal and state rights.

**ANSWER:**

The defendants deny the allegations of paragraph 53 of plaintiff's complaint.

54. At all times during the events at issue, each of the Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies, upon information and belief, were aware of and acquiesced in the acts of the other Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies.

**ANSWER:**

The defendants deny the allegations to the extent that they pertain to Dr. Forgey, Correctional Health Indiana, Inc. and "Unknown Employees of CHI;" and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 54 of plaintiff's complaint.

55. Defendants Buncich, Dr. Forgey and CHI have acted with deliberate indifference, failed to adequately train, supervise and discipline personnel at the Lake County Jail, and the injuries to Mr. Perez were caused by, and were a foreseeable consequence of, such failures.

**ANSWER:**

The defendants deny the allegations of paragraph 55 of plaintiff's complaint.

56.     Defendants Buncich, Dr. Forgey and CHI have, with deliberate indifference, failure to adequately train and supervise personnel at LCJ concerning the proper practices to provide for the health and humane treatment of the inmates, and the injuries to Mr. Perez were caused by, and were a foreseeable consequence of, such failures.

**ANSWER:**

The defendants deny the allegations of paragraph 56 of plaintiff's complaint.

57.     Defendant Buncich, Dr. Forgey and CHI knew and/or reasonably should have known that they had provided inadequate training, supervision and discipline to personnel at the LCJ, and that this failure was likely to result in the constitutional violations that caused Mr. Perez's injuries.

**ANSWER:**

The defendants deny the allegations of paragraph 57 of plaintiff's complaint.

58.     Plaintiff's serious injuries were a foreseeable and direct result of Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies actions and inactions.

**ANSWER:**

The defendants deny the allegations of paragraph 58 of plaintiff's complaint.

59.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies conduct shocks the conscience.

**ANSWER:**

The defendants deny the allegations of paragraph 59 of plaintiff's complaint.

60.     As a direct and proximate result of Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies wrongful actions and inactions, Mr. Perez has incurred significant hardship.

**ANSWER:**

The defendants deny the allegations of paragraph 60 of plaintiff's complaint.

61.     As a direct and proximate result of the Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies wrongful actions and inactions, Mr. Perez has suffered grievously and needlessly, including, without limitation, severe bodily injury, extreme pain and discomfort, and severe emotional distress.

**ANSWER:**

The defendants deny the allegations of paragraph 61 of plaintiff's complaint.

## COUNT I: 42 U.S.C. 4 1983

### Violation of Eighth Amendment Rights
### Against Defendants Sheriff Buncich, Dr. Forgey CHI, Davies
### Unknown Employees of LCJ and Unknown Employees of CHI

62.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:**

The defendants restate their answers to paragraphs 1 through 61 as their answer to the allegations of paragraph 62 of plaintiff's complaint.

63.     Defendants, acting under color of law, denied Mr. Perez his rights under the Eighth Amendment to the United States Constitution in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983.

**ANSWER:**

The defendants deny the allegations of paragraph 63 of plaintiff's complaint.

64.     Mr. Perez suffered an objectively serious medical condition and Defendants were deliberately indifferent to his condition.

**ANSWER:**

The defendants deny the allegations of paragraph 64 of plaintiff's complaint.

65.     As a direct and proximate result of the aforesaid, Plaintiff has been damaged as alleged.

**ANSWER:**

The defendants deny the allegations of paragraph 65 of plaintiff's complaint.

**COUNT II: 42 U.S.C. § 1983**
**Violation of Fourteenth Amendment Rights**
**Against Defendants Sheriff Buncich, Dr. Forgev, CHI, Davies,**
**Unknown Employees of LCJ and Unknown Employees of CHI**

66.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:**

The defendants restate their answers to paragraphs 1 through 65 as their answer to paragraph 66 of plaintiff's complaint.

67.     Defendants, acting under color of law, denied Plaintiff his rights under the Fourteenth Amendment to the United States Constitution in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983.

**ANSWER:**

The defendants deny the allegations of paragraph 67 of plaintiff's complaint.

68.     As a direct and proximate result of the aforesaid, Plaintiff has been damaged as alleged.

**ANSWER:**

The defendants deny the allegations of paragraph 68 of plaintiff's complaint.

### COUNT III: 42 U.S.C. 1983
### Defendant Buncich, Dr. Forgey and CHI

69.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:**

The defendants restate their answers to paragraphs 1 through 68 as their answer to paragraph 69 of plaintiff's complaint.

70.     Prior to the events at issue herein, Defendant Buncich developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of persons within the LCJ, which caused violations of Mr. Perez's.

**ANSWER:**

The defendants deny that the plaintiff's constitutional rights were violated; and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 70 of plaintiff's complaint.

71.     It was the policy, practice and/or custom of Defendant Buncich, Dr. Forgey and CHI to fail to adequately treat inmates who required extensive and/or expensive medical care.

**ANSWER:**

The defendants deny the allegations of paragraph 71 of plaintiff's complaint.

72.     It was the policy, practice and/or custom of Defendant Buncich, Dr. Forgey and CHI to inadequately and improperly investigate and scrutinize the backgrounds of administrators and medical service providers, including those identified herein.

**ANSWER:**

The defendants deny the allegations of paragraph 72 of plaintiff's complaint.

73.     As a result, Defendant Buncich, Dr. Forgey and CHI retained administrators and medical service providers, including those identified herein, who have deprived the federally and state protected rights of people with whom they have come into contact, including Mr. Perez.

**ANSWER:**

The defendants deny the allegations of paragraph 73 of plaintiff's complaint.

74.     The deprivation of rights was the plainly obvious consequence of Defendant Buncich, Dr. Forgey and CHI's failure to adequately and properly investigate and scrutinize the backgrounds of administrators and medical providers.

**ANSWER:**

The defendants deny the allegations of paragraph 74 of plaintiff's complaint.

75.     It was the policy, practice and/or custom of Defendant Buncich, Dr. Forgey and CHI to inadequately and improperly investigate complaints regarding constitutional violations at the LCJ (including complaints concerning inadequate medical care), and such violations were instead

tolerated by the Defendants.

**ANSWER:**

The defendants deny the allegations of paragraph 75 of plaintiff's complaint.

76.     It was the policy, practice and/or custom of Defendant Buncich to inadequately supervise and train its administrators and medical providers, including those identified herein, thereby failing to adequately discourage further constitutional violations on the part of these officials.

**ANSWER:**

The defendants deny that Dr. Forgey and employees of Correctional Health Indiana, Inc. were or are inadequately trained; the defendants deny any and all allegations of "constitutional violations" to the extent that such allegations pertain to them; and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 76 of plaintiff's complaint.

77.     Defendants Buncich, Dr. Forgey and CHI did not provide and/or require appropriate in-service training or re-training to prevent constitutional violations.

**ANSWER:**

The defendants deny the allegations to the extent that said allegations pertain to them; and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 77 of plaintiff's complaint.

78.     As a result of the above described policies, practices and customs, administrators and medical providers believed that their actions would not be investigated or sanctioned, but would be tolerated.

**ANSWER:**

The defendants deny the allegations of paragraph 78 of plaintiff's complaint.

79. The above described policies, procedures and customs demonstrated a deliberate indifference on the part of the policymakers to the constitutional rights of persons within the LCJ, and were the cause of the violations of Mr. Perez's rights as alleged herein.

**ANSWER:**

The defendants deny the allegations of paragraph 79 of plaintiff's complaint.

80. As a direct and proximate result of the aforesaid, Mr. Perez has been damaged as alleged.

**ANSWER:**

The defendants deny the allegations of paragraph 80 of plaintiff's complaint.

<u>**COUNT IV: State Law Negligence**</u>
<u>**Against Defendants Sheriff Buncich, Davies, Unknown Employees of LCJ**</u>

81. Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:**

The defendants restate their answers to paragraphs 1 through 80 as their answer to paragraph 81 of plaintiff's complaint.

82. Mr. Perez was in the custody and control of LCJ.

**ANSWER:**

These allegations are not directed to defendants and therefore no answer is required of them; however, to the extent that such allegations are construed to pertain to them, the defendants admit that as an inmate, plaintiff was in the custody of the Lake County Jail during the times alleged in plaintiff's complaint; and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 82 of plaintiff's complaint.

83. Defendants had a duty to provide Mr. Perez with safe living conditions.

**ANSWER:**

The defendants deny that they "had a duty to provide Mr. Perez with safe living conditions;" and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 83 of plaintiff's complaint.

84. Defendants had a duty to safely transport Mr. Perez in and out of his cell.

**ANSWER:**

The defendants deny that they "had a duty to safely transport Mr. Perez in and out of his cell;" and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 84 of plaintiff's complaint.

85. As stated in detail above, Defendants failed to provide Mr. Perez with safe conditions and failed to safely transport Mr. Perez in and out of his cell.

**ANSWER:**

The defendants deny that they "had a duty to safely transport Mr. Perez in and out of his cell;" and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 85 of plaintiff's complaint.

86. As a direct result of Defendants' failures, Mr. Perez suffered significant permanent physical injury and immense pain.

**ANSWER:**

The defendants deny the allegations of paragraph 86 of plaintiff's complaint.

## COUNT V: State Law Negligence

### Against Defendants Sheriff Buncich, Davies, Unknown Employees of LCJ

87. Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:**

The defendants restate their answers to paragraphs 1 through 86 as their answer to paragraph 87 of plaintiff's complaint.

88.     Mr. Perez was in the custody and control of LCJ.

**ANSWER:**

These allegations are not directed to defendants and therefore no answer is required of them; however, to the extent that such allegations pertain to them, the defendants admit that as an inmate, plaintiff was in the custody of the Lake County Jail during the times alleged in plaintiff's complaint; and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 88 of plaintiff's complaint.

89.     Defendants had a statutory duty to take care of Mr. Perez which includes providing adequate medical treatment.

**ANSWER:**

These allegations are not directed to defendants and therefore no answer is required of them; however, to the extent that an answer is required, the defendants admit that they had a duty in relation to the medical care they provided to plaintiff and which duty is prescribed by law; and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 89 of plaintiff's complaint.

90.     Defendants failed to provide Mr. Perez adequate medical treatment in a reasonable manner.

**ANSWER:**

The defendants deny the allegations of paragraph 90 of plaintiff's complaint.

91.     As a direct result of Defendants' failure, Mr. Perez suffered immense pain and permanent injury.

**ANSWER:**

The defendants deny the allegations of paragraph 91 of plaintiff's complaint.

## COUNT VI: State Law
## Respondeat Superior
## Defendant Sheriff Buncich

92.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:**

The defendants restate their answers to paragraph 1 through 91 as their answer to paragraph 92 of plaintiff's complaint.

93.     In committing the acts alleged in the preceding paragraphs, Defendant Unknown Employees of LCJ, Defendant Unknown Employees of CHI were employees, members, and agents of Lake County Jail, acting at all relevant times within the scope of his or her employment.

**ANSWER:**

The defendants deny that any employees of Correctional Health Indiana, Inc. were "employees, members, and agents of Lake County Jail," and defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 93 of plaintiff's complaint.

94.     Defendant Sheriff Buncich is liable as principal for all torts committed by their agents.

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 94 of plaintiff's complaint.

## COUNT VII: State Law Negligence
## Against Defendants Dr. Forgey, CHI, Unknown Employees of CHI

95.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:**

The defendants restate their answers to paragraphs 1 through 94 as their answer to paragraph 95 of plaintiff's complaint.

96.     Mr. Perez was in the custody and control of LCJ.

**ANSWER:**

The defendants admit that as an inmate, plaintiff was in the custody of the Lake County Jail during the times alleged in plaintiff's complaint; and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 96 of plaintiff's complaint.

97.     Defendants contracted with Lake County and the LCJ to provide medical treatment

and services to the inmates of the LCJ.

**ANSWER:**

The defendants admit that Correctional Health Indiana, Inc. contracted with Lake County and the Lake County Jail to provide medical treatment and medical services to inmates of the Lake County Jail, and defendants deny the remaining allegations of paragraph 97 of plaintiff's complaint.

98.     Defendants had a statutory duty to take care of Mr. Perez which includes providing

adequate medical treatment.

**ANSWER:**

The defendants admit that they had a duty of care as prescribed by law in relation to providing medical treatment to plaintiff; and defendants are without sufficient knowledge or information by which to admit or deny the remaining allegations of paragraph 98 of plaintiff's complaint.

99.     Defendants failed to provide Mr. Perez adequate medical treatment in a reasonable

manner.

**ANSWER:**

The defendants deny the allegations of paragraph 99 of plaintiff's complaint.

100.    As a direct result of Defendants' failure, Mr. Perez suffered immense pain and

permanent injury.

**ANSWER:**

The defendants deny the allegations of paragraph 100 of plaintiff's complaint.

## COUNT VIII: State Law
## Respondeat Superior
## Defendant CHI

101.    Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:**

The defendants restate their answers to paragraphs 1 through 100 as their answer to paragraph 101 of plaintiff's complaint.

102.    In committing the acts alleged in the preceding paragraphs, Defendant Unknown Employees of CHI were employees, members, and agents of CHI, acting at all relevant times within the scope of his or her employment.

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 102 of plaintiff's complaint.

103.    Defendant CHI is liable as principal for all torts committed by their agents.

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 103 of plaintiff's complaint.

## COUNT IX: First Amendment
## Retaliation
## Defendant Unknown Officers of LCJ, Unknown Employees of CHI

104. Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:**

The defendants restate their answers to paragraphs 1 through 103 as their answer to paragraph 104 of plaintiff's complaint.

105. Mr. Perez filed a grievance form against Defendants for failing to provide him adequate medical treatment.

**ANSWER:**

The defendants are without sufficient knowledge or information by which to admit or deny the allegations of paragraph 105 of plaintiff's complaint.

106. As a result of his grievances, Mr. Perez was stripped of his recreation time throughout the day.

**ANSWER:**

The defendants deny the allegations of paragraph 106 of plaintiff's complaint.

107. Defendants stripped Mr. Perez of his recreation time to punish him for his grievances and in an attempt to silence him.

**ANSWER:**

The defendants deny the allegations of paragraph 107 of plaintiff's complaint.

## AFFIRMATIVE/ADDITIONAL DEFENSES

### FIRST DEFENSE

Liability for plaintiff's claims is foreclosed by the doctrine of qualified immunity, and any other immunities recognized by law.

### SECOND DEFENSE

The defendants are entitled to and do assert discretionary function immunity for all acts alleged by the plaintiffs.

### THIRD DEFENSE

Plaintiff has failed to exhaust his administrative remedies and therefore has failed to state a claim for which relief can be granted.

### FOURTH DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### FIFTH DEFENSE

To the extent that any part of plaintiff's complaint states a tort claim, defendants, as quasi-governmental actors and/or public employees, under Ind. Code 34-6-2-38, assert all applicable defense, protections, and immunities under the Indiana Tort Claims Act, including without limitation the provisions of Ind. Code 34-13-3-3.

### SIXTH DEFENSE

To the extent that any part of plaintiff's complaint states a tort claim, defendants, as quasi-governmental actors and/or public employees, under Ind. Code 34-6-2-38, assert that plaintiff's contributory negligence bars his recovery.

## SEVENTH DEFENSE

Plaintiff failed, and has failed, to mitigate his claimed damages.

## EIGHTH DEFENSE

Defendants state that as to any paragraph in the plaintiff's complaint or part thereof not heretofore specifically admitted, controverted, or denied, the same is now specifically denied.

## NINTH DEFENSE

The defendants reserve the right to allege other defenses and/or amend this answer consistent with the knowledge or information that may be forthcoming during discovery in this action.

WHEREFORE, the defendants request judgment that plaintiff take nothing by way of his complaint, for costs of this action as laid out and expended herein, and for all other just and proper relief.

Respectfully submitted,

**EICHHORN & EICHHORN, LLP**

By: /s/ John M. McCrum
    One of the Attorneys for Defendants,
    Dr. William Forgey and Correctional
    Health Indiana, Inc.

John M. McCrum, #9988-45
Kevin T. McNamara, #29376-41
EICHHORN & EICHHORN, LLP
2929 Carlson Drive, Suite 100
Hammond, Indiana 46323
Telephone: (219) 931-0560

## JURY DEMAND

The defendants request trial by jury on all issues so triable.

Respectfully submitted,

**EICHHORN & EICHHORN, LLP**

By: /s/ John M. McCrum_____
    One of the Attorneys for Defendants,
    Dr. William Forgey and Correctional
    Health Indiana, Inc.

John M. McCrum, #9988-45
Kevin T. McNamara, #29376-41
EICHHORN & EICHHORN, LLP
2929 Carlson Drive, Suite 100
Hammond, Indiana 46323
Telephone: (219) 931-0560

## CERTIFICATE OF SERVICE

I, John M. McCrum, certify that on the 5th day of September 2018, a true and complete copy of the foregoing was served upon all counsel of record via the Case Management / Electronic Case Filing (CM / ECF) system maintained by the United States District Court for the Northern District of Indiana.

_/s/   John M. McCrum_____

John M. McCrum
