| | |
|---|---|
| FRANK PEREZ, JR., | |
| *Plaintiff,* | |
| v. | |
| JOHN BUNCICH, in his official capacity as SHERIFF OF LAKE COUNTY, EDWARD DAVIES, individually and in his official Capacity as Jail Administrator of Lake County Jail; DR. WILLIAM FORGEY, Individually and in his official capacity as Medical Director of Lake County Jail; UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL; CORRECTIONAL HEALTH INDIANA, INC., and UNKNOWN EMPLOYEES OF CORRECTIONAL HEALTH INDIANA, INC., | Case No: 2:18-CV-00295 |
| *Defendants.* | |

## ANSWER BY UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL

The Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL, by counsel,

Casey J. McCloskey, answer Plaintiff's Complaint, as follows:

### <u>INTRODUCTION</u>

1.     This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation

under color of law of Frank Perez, Jr. 's rights as secured by the United States Constitution.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these
             allegations contained in Paragraph 1, and therefore DENY same.

2.      Prior to July 20, 2016, Mr. Perez was an inmate of a Federal correctional facility under the supervision of the Federal Bureau of Prisons in Terre Haute, Indiana (Registration No: 33169-068). Mr. Perez was transferred to the Lake County Jail, located in Crown Point, Indiana, where he was held awaiting the resolution of the matter United States of America vs. Frank Perez, Jr., Cause No.: 2:13-CR-00111 which was pending in the Northern District Court of Indiana, Hammond Division. On or about July 20, 2016, Mr. Perez was waiting to be removed from his cell for a scheduled visitation at the Lake County Jail. Without making contact with Mr. Perez prior to opening his cell or advising Mr. Perez that he was opening his cell, Defendant Unknown Employees of Lake County Jail opened his cell. Mr. Perez's hand was on the bars of the cell door. When the door was opened, Mr. Perez's hand was crushed in between the bars causing significant injury to his hand. Mr. Perez's several requests for medical treatment were ignored. After approximately twenty-seven (27) days from his injury, Mr. Perez finally received the necessary treatment.

**ANSWER:**    The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 2, and therefore DENY same.

## THE PARTIES

3.      In July 2016, Frank Perez was an inmate of the Lake County Jail and a resident of Lake County, Indiana.

**ANSWER:**    The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 3, and therefore DENY same.

4.      At all relevant times hereto, the Lake County Jail was operated by the Lake County Sheriff, Defendant John Buncich.

**ANSWER:** The Defendants ADMIT John Buncich was the duly elected Sheriff of Lake County, Indiana from January 2011 to August 24, 2017, and DENY the remaining allegations contained in Paragraph 4.

5.     At all times relevant to the events at issue in this case, Defendant Buncich was the duly elected Sheriff of Lake County, Indiana. As such, Defendant Buncich was acting under color of law. He is sued in his official and individual capacities.

**ANSWER:** The Defendants ADMIT John Buncich was the duly elected Sheriff of Lake County, Indiana from January 2011 to August 24, 2017, and DENY the remaining allegations contained in Paragraph 5.

6.     At all times relevant to the events at issue in this case, Defendant Buncich promulgated rules, regulations, policies, and procedures as Sheriff of Lake County for the provision of certain medical care by medical personnel and corrections officers, including administration of medical treatment and medication, to detainees at Lake County Jail. Defendant Buncich's policies were implemented by and through jail employees and contractors, including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the  medical care of detainees at Lake County Jail.

**ANSWER:** The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 6, and therefore DENY same.

7.     At all times relevant to the events at issue in this case, Defendant Buncich promulgated rules, regulations, polices, and procedures as Sheriff for the training, supervision, and discipline of correctional offices and medical personnel with respect to: (1) communicating or failing to communicate detainee requests for medication or medical attention to medical care personnel; (2) alerting or failing to alert medical care personnel to detainees' medical needs; and

(3) providing or failing to provide medication or medical attention to detainees. Defendant Buncich's polices were implemented by and through Jail employees and contractors including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Lake County Jail.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 7, and therefore DENY same.

8.      At all times relevant to the events at issue in this case, Defendant Buncich promulgated rules, regulations, policies and procedures as Sheriff of Lake County for how inmates are to be released from their cells.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 8, and therefore DENY same.

9.      At all times relevant to the events at issue in this case, Defendant Buncich, as Sheriff of Lake County, was the final policymaker for the Lake County Sheriffs Department and the Lake County Jail.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 9, and therefore DENY same.

10.      At all times relevant to the events at issue in this case, Defendant Edward Davies was employed by the Lake County Sheriffs Department as the Jail Administrator. As such, Defendant Davies was acting under color of law. He is sued in his official and individual capacities. In his role as Jail Administrator, Defendant Stewart was responsible for ensuring that the Jail provided lawful treatment and care to the Jail detainees and that the practices of the Jail complied with federal and state requirements for the treatment of detainees, including that

detainees are provided with proper medical care. Defendant Davies had personal knowledge that detainees were not provided with proper medical care. Defendant Davies had personal knowledge that detainees were not being provided with proper medical care, and thus that the Jail, its employees, and its contractors were not meeting their obligations to provide proper medical care, and Defendant Davies implemented, enforced, and/or condoned such practices.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 10, and therefore DENY same.

11.     At all times relevant to the events at issue in this case, as Jail Administrator, Defendant Davies was responsible for ensuring that the practices of the Jail, with respect to releasing detainees from their cells. Defendant Davies had personal knowledge that Lake County Jail Employees were not properly following policies and procedures when releasing detainees.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 11, and therefore DENY same.

12.     At all times relevant to the events at issue in this case, Defendant Dr. William Forgey was medical director of Lake County Jail. As medical director, Defendant Forgey had responsibility for overseeing the Jail's medical department, and for responding to detainees' health and medical needs that were brought to his attention. The health and medical needs of Plaintiff, and the injuries that Plaintiff suffered as a result of the Jail's policies and practices, were brought to the attention of Defendant Forgey, and Forgey was deliberately indifferent to them.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 12, and therefore DENY same.

13.     At all times relevant to the events at issue in this case, Unknown Employees of Lake County jail ("LCJ") were employed by the Lake County Sheriffs Department and worked at the LCJ as correctional officers. As such, these Defendants were acting under color of law.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 13 and therefore DENY same.

14.     Defendant Correctional Health Indiana, Inc. ("CHI"), is a for-profit Indiana Corporation with its principal place of business at 817 Veterans Lane, Crown Point, Indiana 46307. At all times relevant to the events at issue in this case, Defendant Correctional Health contracted with Lake County and the Lake County Sheriffs Department to provide medical evaluation, care, treatment and medication to detainees incarcerated at the LCJ. In its capacity as a contractor to the LCJ, Defendant CHI was, at all relevant times, acting under color of law.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 14, and therefore DENY same.

15.     At all times relevant to the events at issue in this case, Defendant CHI, in its capacity as contractor to the LCJ, promulgated rules, regulations, policies, and procedures for the provision of certain medical care by medical personnel and correctional officers, including administration of medical care and medication, to detainees at the LCJ. Defendant CHI's policies were implemented by and through Jail employees and contractors, including the individual Defendant officers and individual Defendant Medical Care providers, who were responsible for the medical care of detainees at LCJ.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 15 and therefore DENY same.

16. At all times relevant to the events at issue in this case, Defendant CHI, in its capacity as contractor to the LCJ, promulgated rules, regulations, polices and procedures for the training, supervision, and discipline of correctional officers and medical personnel with respect to: (1) communicating or failing to communicate detainee requests for medication or medical attention to medical care personnel; (2) alerting or failing to alert medical care personnel to detainees' medical needs; and (3) providing or failing to provide medication or medical attention to detainees. Defendant Correctional Health's polices were implemented by and through Jail employees and contractors including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Lake County Jail.

**ANSWER:** The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 16, and therefore DENY same.

17. At all times relevant to the events at issue in this case, Defendants Unknown Employees of Correctional Health were employees of Correctional Health and had the responsibility to provide evaluation, care, treatment, and medication to detainees incarcerated at the Lake County Jail.

**ANSWER:** The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 17, and therefore DENY same.

## FACTS

18. Prior to July 20, 2016, Mr. Perez was an inmate of a Federal correctional facility under the supervision of the Federal Bureau of Prisons in Terre Haute, Indiana (Registration No: 33169-068).

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 18, and therefore DENY same.

19.     Mr. Perez was transferred to the Lake County Jail, located in Crown Point,

Indiana, where he was held awaiting the resolution of the matter United States of America vs.

Frank Perez, Jr., Cause No.: 2:13-CR-00111 which was pending in the Northern District Court of

Indiana, Hammond Division.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 19, and therefore DENY same.

20.     On or about July 20, 2016, Mr. Perez was waiting to be removed from his cell for

a scheduled visitation at the LCJ.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 20, and therefore DENY same.

21.     Mr. Perez knew that the policy and/or practice of the LCJ was that a correctional

officer must make contact with Mr. Perez prior to opening his cell.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 21, and therefore DENY same.

22.     Without making contact with Mr. Perez prior to opening his cell or advising Mr.

Perez that his cell was being opened, Defendant Unknown Employees of LCJ opened his cell.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 22, and therefore DENY same.

23.     Mr. Perez's hand was on the bars of the cell door. When the door was opened, Mr.

Perez's hand was crushed in between the bars.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 23, and therefore DENY same.

24.    Mr. Perez immediately screamed in pain and Unknown Defendant of Lake County

Jail closed the cell door crushing Mr. Perez's hand again.

**ANSWER:**    The Defendants are without sufficient information to admit or deny these
allegations contained in Paragraph 24, and therefore DENY same.

25.    Mr. Perez's suffered significantly injury including breaking multiple bones.

**ANSWER:**    The Defendants are without sufficient information to admit or deny these
allegations contained in Paragraph 25, and therefore DENY same.

26.    Mr. Perez, in excruciating pain, immediately requested and demanded medical

attention.

**ANSWER:**    The Defendants are without sufficient information to admit or deny these
allegations contained in Paragraph 26, and therefore DENY same.

27.    After approximately one and one-half hours of constantly requesting medical

assistance, Defendants Unknown Employees of LCJ and Unknown Employees of CHI refused

Mr. Perez medical attention; however, brought him an ice pack and ibuprofen.

**ANSWER:**    The Defendants are without sufficient information to admit or deny these
allegations contained in Paragraph 27, and therefore DENY same.

28.    Mr. Perez requested/demanded to see the doctor; however he was refused.

**ANSWER:**    The Defendants are without sufficient information to admit or deny these
allegations contained in Paragraph 28, and therefore DENY same.

29.    Mr. Perez requested/demand several times for a grievance form for the failure to

provide him medical attention, but Defendant Unknown Officers of LCJ and Defendant

Unknown Employee of CHI refused to provide Mr. Perez with a grievance form.

**ANSWER:**    The Defendants are without sufficient information to admit or deny these
allegations contained in Paragraph 29, and therefore DENY same.

30.     On or about July 23, 2016, Mr. Perez was finally brought to the medical center at the LCJ where he received x-rays.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 30, and therefore DENY same.

31.     On or about July 25, 2016, Mr. Perez was taken to the emergency room at Methodist Hospital.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 31, and therefore DENY same.

32.     Mr. Perez, Defendant Unknown Employees of LCJ and Unknown Employees of CHI were advised by the doctor that Mr. Perez's hand required surgery.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 32, and therefore DENY same.

33.     A surgery was scheduled for July 29, 2016.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 33, and therefore DENY same.

34.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey and Defendant Davies intentionally and deliberately failed to transport Mr. Perez to Methodist Hospital on July 29, 2016 to receive surgery.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 34, and therefore DENY same.

35.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI,

Defendant Sheriff Buncich, Defendant Dr. Forgey and Defendant Davies transported Mr. Perez

to Methodist Hospital on August 10, 2016 for medical treatment.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these
                allegations contained in Paragraph 35, and therefore DENY same.

36.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI,

Defendant Sheriff Buncich, Defendant Dr. Forgey and Defendant Davies were advised that there

would be an approximately one hour wait until Mr. Perez could begin his surgery.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these
                allegations contained in Paragraph 36, and therefore DENY same.

37.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI,

Defendant Sheriff Buncich, Defendant Dr. Forgey and Defendant Davies were unwilling to wait

and, despite the insistence from the doctor that Mr. Perez required immediate surgery, returned

him to LCJ.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these
                allegations contained in Paragraph 37, and therefore DENY same.

38.     Mr. Perez continued to complain of severe pain.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these
                allegations contained in Paragraph 38, and therefore DENY same.

39.     Finally, Defendants Unknown Employees of LCJ, Unknown Employees of CHI,

Defendant Sheriff Buncich, Defendant Dr. Forgey and Defendant Davies took Mr. Perez back to

Methodist Hospital on August 16, 2016 where he received surgery.

**ANSWER:** The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 39, and therefore DENY same.

40. Upon returning to the LCJ from surgery, Mr. Perez was denied his one-hour cell release as retaliation for his continued complaints and grievances.

**ANSWER:** The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 40, and therefore DENY same.

41. Causing significant injury to his hand. Mr. Perez's several requests for medical treatment were ignored. After approximately twenty-seven (27) days from his injury, Mr. Perez finally received the necessary treatment.

**ANSWER:** The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 41, and therefore DENY same.

42. Defendants Sheriff Buncich and Defendant Davies promulgated rules and procedures on how an inmate should be released from his cell at the LCJ.

**ANSWER:** The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 42, and therefore DENY same.

43. Defendants Sheriff Buncich and Defendant Davies provided inadequate training, supervision and discipline to personnel at the LCJ regarding the policy and procedure about how an inmate should be released from his cell.

**ANSWER:** The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 43, and therefore DENY same.

44. Defendants Sheriff Buncich and Defendant Davies' knew of should have known that their failure to provide adequate training, supervision and discipline would result in injury to an inmate.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 44, and therefore DENY same.

45.     As a result of Defendants Sheriff Buncich and Davies' conduct, Mr. Perez suffered immense pain and permanent injury.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 45, and therefore DENY same.

46.     As a result of Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies conduct, Mr. Perez suffered immense pain and permanent injury.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 46, and therefore DENY same.

47.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies have engaged in a pattern and practice of failing and/or refusing to provide adequate and necessary medical treatment to inmates.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 47, and therefore DENY same.

48.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies have engaged in a pattern and practice of failing to adequately treat inmates who require medical care.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 48, and therefore DENY same.

49.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI,

Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies have

acted with deliberate indifference toward Mr. Perez's medical needs and well-being, in that they

knew of the substantial injuries and they ignored his requests for medical treatment.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these
                allegations contained in Paragraph 49, and therefore DENY same.

50.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI,

Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies actions

and inactions have amounted to unnecessary and wanton infliction of pain and grief.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these
                allegations contained in Paragraph 50, and therefore DENY same.

51.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI,

Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies actions

and inactions toward Mr. Perez have caused him physical and emotional injury, and have created

significant and permanent scarring.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these
                allegations contained in Paragraph 51, and therefore DENY same.

52.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI,

Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies have

violated Mr. Perez's clearly established and well-settled federal and state constitutional rights,

including his right to be free from deliberate indifference to his medical needs and well-being.

**ANSWER:**    The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 52, and therefore DENY same.

53.    Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies acted with callous indifference toward Plaintiffs federal and state rights.

**ANSWER:**    The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 53, and therefore DENY same.

54.    At all times during the events at issue, each of the Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies, upon information and belief, were aware of and acquiesced in the acts of the other Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies.

**ANSWER:**    The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 54, and therefore DENY same.

55.    Defendants Buncich, Dr. Forgey and CHI have acted with deliberate indifference, failed to adequately train, supervise and discipline personnel at the Lake County Jail, and the injuries to Mr. Perez were caused by, and were a foreseeable consequence of, such failures.

**ANSWER:**    The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 55, and therefore DENY same.

56.    Defendants Buncich, Dr. Forgey and CHI have, with deliberate indifference, failure to adequately train and supervise personnel at LCJ concerning the proper practices to

provide for the health and humane treatment of the inmates, and the injuries to Mr. Perez were caused by, and were a foreseeable consequence of, such failures.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 56, and therefore DENY same.

57.     Defendant Buncich, Dr. Forgey and CHI knew and/or reasonably should have known that they had provided inadequate training, supervision and discipline to personnel at the LCJ, and that this failure was likely to result in the constitutional violations that caused Mr. Perez's injuries.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 57, and therefore DENY same.

58.     Plaintiff's serious injuries were a foreseeable and direct result of Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies actions and inactions.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 58, and therefore DENY same.

59.     Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI and Defendant Davies conduct shocks the conscience.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 59, and therefore DENY same.

60.     As a direct and proximate result of Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI

and Defendant Davies wrongful actions and inactions, Mr. Perez has incurred significant

hardship.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these
allegations contained in Paragraph 60, and therefore DENY same.

61.     As a direct and proximate result of the Defendants Unknown Employees of LCJ,

Unknown Employees of CHI, Defendant Sheriff Buncich, Defendant Dr. Forgey, Defendant CHI

and Defendant Davies wrongful actions and inactions, Mr. Perez has suffered grievously and

needlessly, including, without limitation, severe bodily injury, extreme pain and discomfort, and

severe emotional distress.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these
allegations contained in Paragraph 61, and therefore DENY same.

WHEREFORE, the Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL,

pray that Plaintiff take nothing by way of his Complaint, that judgment be entered in favor of the

Defendants and against Plaintiff on all claims and relief prayed for in the Complaint, that

Defendants be granted all relief, including attorney fees, to the extent it may be entitled under 42

U.S.C. 1988, Rule 11 , I.C. 34-13-3-21 and/or I.C. 34-13-4-4, and for all other just and proper

relief under the premises.

/s/ Casey J. McCloskey
Casey J. McCloskey, #18766-45
Attorney at Law
9111 Broadway, Suite GG
P.O. Box 10607
Merrillville, IN 46411
Phone: (219) 738-2978
Fax:    (219) 738-2818
Email: attymccloskey@hotmail.com

**COUNT I:  42 U.S.C § 1983**
**Violation of Eighth Amendment Rights**
**Against Defendants Sheriff Buncich, Dr. Forgey, CHI, Davies,**
**Unknown Employees of LCJ and Unknown Employees of CHI**

62.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:**     The Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL,
re-allege and incorporate by reference herein, their answers to rhetorical
Paragraphs 1 through 61, as if fully set forth herein.

63.     Defendants, acting under color of law, denied Mr. Perez his rights under the

Eighth Amendment to the United States Constitution in violation of the Civil Rights Act of 1866,

as amended, 42 U.S.C. § 1983.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these
allegations contained in Paragraph 63 of Count I, and therefore DENY same.

64.     Mr. Perez suffered an objectively serious medical condition and Defendants were

deliberately indifferent to his condition.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these
allegations contained in Paragraph 64 of Count I, and therefore DENY same.

65.     As a direct and proximate result of the aforesaid, Plaintiff has been damaged as

alleged.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these
allegations contained in Paragraph 65 of Count I, and therefore DENY same.

WHEREFORE, the Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL,

pray that Plaintiff take nothing by way of his Complaint, that judgment be entered in favor of the

Defendants and against Plaintiff on all claims and relief prayed for in the Complaint, that

Defendants be granted all relief, including attorney fees, to the extent it may be entitled under 42

-18-

U.S.C. 1988, Rule 11 , I.C. 34-13-3-21 and/or I.C. 34-13-4-4, and for all other just and proper

relief under the premises.

/s/ Casey J. McCloskey
Casey J. McCloskey, #18766-45
Attorney at Law
9111 Broadway, Suite GG
P.O. Box 10607
Merrillville, IN 46411
Phone: (219) 738-2978
Fax:    (219) 738-2818
Email: attymccloskey@hotmail.com

### COUNT II: 42 U.S.C § 1983
**Violation of Fourteenth Amendment Rights**
**Against Defendants Sheriff Buncich, Dr. Forgey, CHI, Davies,**
**Unknown Employees of LCJ and Unknown Employees of CHI**

66.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:**    The Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL,
re-allege and incorporate by reference herein, their answers to rhetorical
Paragraphs 1 through 65, as if fully set forth herein.

67.     Defendants, acting under color of law, denied Plaintiff his rights under the

Fourteenth Amendment to the United States Constitution in violation of the Civil Rights Act of

1866, as amended, 42 U.S.C. § 1983.

**ANSWER:**    The Defendants are without sufficient information to admit or deny these
allegations contained in Paragraph 67 of Count II, and therefore DENY same.

68.     As a direct and proximate result of the aforesaid, Plaintiff has been damaged as
alleged.

**ANSWER:**    The Defendants are without sufficient information to admit or deny these
allegations contained in Paragraph 68 of Count II, and therefore DENY same.

WHEREFORE, the Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL, pray that Plaintiff take nothing by way of his Complaint, that judgment be entered in favor of the Defendants and against Plaintiff on all claims and relief prayed for in the Complaint, that Defendants be granted all relief, including attorney fees, to the extent it may be entitled under 42 U.S.C. 1988, Rule 11 , I.C. 34-13-3-21 and/or I.C. 34-13-4-4, and for all other just and proper relief under the premises.

/s/ Casey J. McCloskey
Casey J. McCloskey, #18766-45
Attorney at Law
9111 Broadway, Suite GG
P.O. Box 10607
Merrillville, IN 46411
Phone: (219) 738-2978
Fax:    (219) 738-2818
Email: attymccloskey@hotmail.com

## COUNT III: 42 U.S.C § 1983
### Defendant Buncich, Dr. Forgey and CHI

69.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:**     The Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL, re-allege and incorporate by reference herein, their answers to rhetorical Paragraphs 1 through 68, as if fully set forth herein.

70.     Prior to the events at issue herein, Defendant Buncich developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of persons within the LCJ, which caused violations of Mr. Perez's.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 70 of Count III, and therefore DENY same.

71.     It was the policy, practice and/or custom of Defendant Buncich, Dr. Forgey and CHI to fail to adequately treat inmates who required extensive and/or expensive medical care.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 71 of Count III, and therefore DENY same.

72.     It was the policy, practice and/or custom of Defendant Buncich, Dr. Forgey and CHI to inadequately and improperly investigate and scrutinize the backgrounds of administrators and medical service providers, including those identified herein.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 72 of Count III, and therefore DENY same.

73.     As a result, Defendant Buncich, Dr. Forgey and CHI retained administrators and medical service providers, including those identified herein, who have deprived the federally and state protected rights of people with whom they have come into contact, including Mr. Perez.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 73 of Count III, and therefore DENY same.

74.     The deprivation of rights was the plainly obvious consequence of Defendant Buncich, Dr. Forgey and CHI's failure to adequately and properly investigate and scrutinize the backgrounds of administrators and medical providers.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 74 of Count III, and therefore DENY same.

75.     It was the policy, practice and/or custom of Defendant Buncich, Dr. Forgey and CHI to inadequately and improperly investigate complaints regarding constitutional violations at the LCJ (including complaints concerning inadequate medical care), and such violations were instead tolerated by the Defendants.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 75 of Count III, and therefore DENY same.

76.     It was the policy, practice and/or custom of Defendant Buncich to inadequately supervise and train its administrators and medical providers, including those identified herein, thereby failing to adequately discourage further constitutional violations on the part of these officials.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 76 of Count III, and therefore DENY same.

77.     Defendant Buncich, Dr. Forgey and CHI did not provide and/or require appropriate in-service training or re-training to prevent constitutional violations.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 77 of Count III, and therefore DENY same..

78.     As a result of the above described policies, practices and customs, administrators and medical providers believed that their actions would not be investigated or sanctioned, but would be tolerated.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 78 of Count III, and therefore DENY same.

79.     The above described policies, procedures and customs demonstrated a deliberate indifference on the part of the policymakers to the constitutional rights of persons within the LCJ, and were the cause of the violations of Mr. Perez's rights as alleged herein.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 79 of Count III, and therefore DENY same.

80.     As a direct and proximate result of the aforesaid, Mr. Perez has been damaged as alleged.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 80 of Count III, and therefore DENY same.

WHEREFORE, the Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL, pray that Plaintiff take nothing by way of his Complaint, that judgment be entered in favor of the Defendants and against Plaintiff on all claims and relief prayed for in the Complaint, that Defendants be granted all relief, including attorney fees, to the extent it may be entitled under 42 U.S.C. 1988, Rule 11 , I.C. 34-13-3-21 and/or I.C. 34-13-4-4, and for all other just and proper relief under the premises.

 /s/ Casey J. McCloskey
Casey J. McCloskey, #18766-45
Attorney at Law
9111 Broadway, Suite GG
P.O. Box 10607
Merrillville, IN 46411
Phone: (219) 738-2978
Fax:    (219) 738-2818
Email: attymccloskey@hotmail.com

## COUNT IV:  State Law Negligence
### Against Defendants Sheriff Buncich, Davies, Unknown Employees of LCJ

81.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:**     The Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL, re-allege and incorporate by reference herein, their answers to rhetorical Paragraphs 1through 80, as if fully set forth herein.

82.     Mr. Perez was in the custody and control of LCJ.

**ANSWER:** The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 82 of Count IV, and therefore DENY same.

83. Defendants had a duty to provide Mr. Perez with safe living conditions.

**ANSWER:** The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 83 of Count IV, and therefore DENY same.

84. Defendants had a duty to safely transport Mr. Perez in and out of his cell.

**ANSWER:** The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 84 of Count IV, and therefore DENY same.

85. As stated in detail above, Defendants failed to provide Mr. Perez with safe

conditions and failed to safely transport Mr. Perez in and out of his cell.

**ANSWER:** The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 85 of Count IV, and therefore DENY same.

86. As a direct result of Defendants' failures, Mr. Perez suffered significant permanent physical injury and immense pain.

**ANSWER:** The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 86 of Count IV, and therefore DENY same.

WHEREFORE, the Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL,

pray that Plaintiff take nothing by way of his Complaint, that judgment be entered in favor of the

Defendants and against Plaintiff on all claims and relief prayed for in the Complaint, that

Defendants be granted all relief, including attorney fees, to the extent it may be entitled under 42

U.S.C. 1988, Rule 11 , I.C. 34-13-3-21 and/or I.C. 34-13-4-4, and for all other just and proper

relief under the premises.

/s/ Casey J. McCloskey
Casey J. McCloskey, #18766-45
Attorney at Law
9111 Broadway, Suite GG

-24-

## COUNT V: State Law Negligence
### Against Defendants Sheriff Buncich, Davies, Unknown Employees of LCJ

87.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:**     The Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL, re-allege and incorporate by reference herein, their answers to rhetorical Paragraphs 1 through 86, as if fully set forth herein.

88.     Mr. Perez was in the custody and control of LCJ.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 88 of Count V, and therefore DENY same.

89.     Defendants had a statutory duty to take care of Mr. Perez which includes providing adequate medical treatment.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 89 of Count V, and therefore DENY same.

90.     Defendants failed to provide Mr. Perez adequate medical treatment in a reasonable manner.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 90 of Count V, and therefore DENY same.

91.     As a direct result of Defendants' failure, Mr. Perez suffered immense pain and permanent injury.

**ANSWER:**     The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 91 of Count V, and therefore DENY same.

WHEREFORE, the Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL, pray that Plaintiff take nothing by way of his Complaint, that judgment be entered in favor of the Defendants and against Plaintiff on all claims and relief prayed for in the Complaint, that Defendants be granted all relief, including attorney fees, to the extent it may be entitled under 42 U.S.C. 1988, Rule 11 , I.C. 34-13-3-21 and/or I.C. 34-13-4-4, and for all other just and proper relief under the premises.

/s/ Casey J. McCloskey
Casey J. McCloskey, #18766-45
Attorney at Law
9111 Broadway, Suite GG
P.O. Box 10607
Merrillville, IN 46411
Phone: (219) 738-2978
Fax:    (219) 738-2818
Email: attymcccloskey@hotmail.com

### COUNT VI:  State Law
### Respondeat Superior
### Defendant Sheriff Buncich

92.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:**     The Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL, re-allege and incorporate by reference herein, their answers to rhetorical Paragraphs 1 through 91, as if fully set forth herein.

93.     In committing the acts alleged in the preceding paragraphs, Defendant Unknown Employees of LCJ, Defendant Unknown Employees of CHI were employees, members, and agents of Lake County Jail, acting at all relevant times within the scope of his or her employment.

-26-

**ANSWER:** The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 93 of Count VI, and therefore DENY same.


94. Defendant Sheriff Buncich is liable as principal for all torts committed by their agents.

**ANSWER:** The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 94 of Count VI, and therefore DENY same.


WHEREFORE, the Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL, pray that Plaintiff take nothing by way of his Complaint, that judgment be entered in favor of the Defendants and against Plaintiff on all claims and relief prayed for in the Complaint, that Defendants be granted all relief, including attorney fees, to the extent it may be entitled under 42 U.S.C. 1988, Rule 11 , I.C. 34-13-3-21 and/or I.C. 34-13-4-4, and for all other just and proper relief under the premises.

/s/ Casey J. McCloskey
Casey J. McCloskey, #18766-45
Attorney at Law
9111 Broadway, Suite GG
P.O. Box 10607
Merrillville, IN 46411
Phone: (219) 738-2978
Fax:    (219) 738-2818
Email: attymccloskey@hotmail.com


**COUNT VII:  State Law Negligence**
**Against Defendants Dr. Forgey, CHI, Unknown Employees of CHI**

95. Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:**   The Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL, re-allege and incorporate by reference herein, their answers to rhetorical Paragraphs 1 through 94, as if fully set forth herein.

96.   Mr. Perez was in the custody and control of LCJ.

**ANSWER:**   The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 96 of Count VII, and therefore DENY same.

97.   Defendants contracted with Lake County and the LCJ to provide medical treatment and services to the inmates of the LCJ.

**ANSWER:**   The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 97 of Count VII, and therefore DENY same.

98.   Defendants had a statutory duty to take care of Mr. Perez which includes providing adequate medical treatment.

**ANSWER:**   The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 98 of Count VII, and therefore DENY same.

99.   Defendants failed to provide Mr. Perez adequate medical treatment in a reasonable manner.

**ANSWER:**   The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 99 of Count VII, and therefore DENY same

100.   As a direct result of Defendants' failure, Mr. Perez suffered immense pain and permanent injury.

**ANSWER:**   The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 100 of Count VII, and therefore DENY same

WHEREFORE, the Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL,

pray that Plaintiff take nothing by way of his Complaint, that judgment be entered in favor of the

Defendants and against Plaintiff on all claims and relief prayed for in the Complaint, that

Defendants be granted all relief, including attorney fees, to the extent it may be entitled under 42

U.S.C. 1988, Rule 11 , I.C. 34-13-3-21 and/or I.C. 34-13-4-4, and for all other just and proper

relief under the premises.

/s/ Casey J. McCloskey
Casey J. McCloskey, #18766-45
Attorney at Law
9111 Broadway, Suite GG
P.O. Box 10607
Merrillville, IN 46411
Phone: (219) 738-2978
Fax:    (219) 738-2818
Email: attymccloskey@hotmail.com

## COUNT VIII:  State Law
### Respondeat Superior
### Defendant CHI

101.    Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:**    The Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL, re-allege and incorporate by reference herein, their answers to rhetorical Paragraphs 1 through 100, as if fully set forth herein.

102.    In committing the acts alleged in the preceding paragraphs, Defendant Unknown

Employees of CHI were employees, members, and agents of CHI, acting at all relevant times

within the scope of his or her employment.

**ANSWER:**    The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 102 of Count VIII, and therefore DENY same.

103.    Defendant CHI is liable as principal for all torts committed by their agents.

**ANSWER:**    The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 103 of Count VIII, and therefore DENY same.

WHEREFORE, the Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL, pray that Plaintiff take nothing by way of his Complaint, that judgment be entered in favor of the Defendants and against Plaintiff on all claims and relief prayed for in the Complaint, that Defendants be granted all relief, including attorney fees, to the extent it may be entitled under 42 U.S.C. 1988, Rule 11 , I.C. 34-13-3-21 and/or I.C. 34-13-4-4, and for all other just and proper relief under the premises.

/s/ Casey J. McCloskey
Casey J. McCloskey, #18766-45
Attorney at Law
9111 Broadway, Suite GG
P.O. Box 10607
Merrillville, IN 46411
Phone: (219) 738-2978
Fax:    (219) 738-2818
Email: attymccloskey@hotmail.com

## COUNT IX:  First Amendment Retaliation
### Defendant Unknown Officers of LCJ, Unknown Employees of CHI

104.    Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:**    The Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL, re-allege and incorporate by reference herein, their answers to rhetorical Paragraphs 1 through 103, as if fully set forth herein.

105.    Mr. Perez filed a grievance form against Defendants for failing to provide him adequate medical treatment.

**ANSWER:**    The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 105 of Count IX, and therefore DENY same.

106.    As a result of his grievances, Mr. Perez was stripped of his recreation time throughout the day.

**ANSWER:**   The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 106 of Count IX, and therefore DENY same

107.   Defendants stripped Mr. Perez of his recreation time to punish him for his grievances and in an attempt to silence him.

**ANSWER:**   The Defendants are without sufficient information to admit or deny these allegations contained in Paragraph 107 of Count IX, and therefore DENY same

## REQUESTED RELIEF

WHEREFORE, Plaintiff requests that the Court find and determine, after trial by jury as appropriate, that the Plaintiff has suffered substantial and continuing injury as a result of deprivation of his civil and constitutional rights, and otherwise wrongful conduct, and aware the following relief as appropriate:

a.   Compensatory damages
b.   Punitive damages against the individual capacity Defendants
c.   Attorney's fees and costs
d.   Such other legal and equitable relief as the Court deems just and proper.

**ANSWER:**   The Defendants DENY the request for relief.

## JURY DEMAND

Plaintiff demands trial by jury.

WHEREFORE, the Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL, pray that Plaintiff take nothing by way of his Complaint, that judgment be entered in favor of the Defendants and against Plaintiff on all claims and relief prayed for in the Complaint, that Defendants be granted all relief, including attorney fees, to the extent it may be entitled under 42

U.S.C. 1988, Rule 11 , I.C. 34-13-3-21 and/or I.C. 34-13-4-4, and for all other just and proper relief under the premises.

/s/ Casey J. McCloskey
Casey J. McCloskey, #18766-45
Attorney at Law
9111 Broadway, Ste GG
P.O. Box 10607
Merrillville, IN 46411
Ph:    (219) 738-2978
Fax:    (219) 738-2818
Email: attymccloskey@hotmail.com

## AFFIRMATIVE DEFENSES

Comes now the Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL, by counsel, and assert the following affirmative defenses to the claims and allegations contained in the Complaint:

1.    Any allegation not specifically admitted, denied or controverted in Defendant's Answer above are specifically DENIED.

2.    This action should be dismissed under Rule (12)(b)(6) for failure to state a claim against Defendants for which relief can be granted.

3.    Defendants are not subject to liability under the doctrine of "*respondeat superior*" for the claims asserted in this action.

4.    All damages Plaintiff seeks to recover are subject to the aggregate limitations provided under the Indiana Tort Claims Act, including I.C. §§ 34-13-3-1 and34-13-3-4(a)(1)©.

5. The Plaintiff is barred by operation of law from recovering punitive damages against the Defendants on all state law claims. (Ind Code § 34-13-3-4).

6. Any punitive damages that may be awarded are subject to and limited by the Indiana law on punitive damages, including I.C. 34-51-3-1, *et. seq*.

7. The claims of the Plaintiff are barred or limited by the applicable Indiana sudden emergency doctrine.

8. Plaintiff's claimed losses, damages or injuries may have occurred as a proximate result of the unforeseeable, superseding and intervening acts and/or omissions of a third party.

9. The physical and emotional injuries claimed in this action were the proximate cause result of pre-existing conditions.

10. Plaintiff's injuries and damages, if any, are barred to the extent they were caused or contributed to by his own conduct, acts or omissions.

11. Plaintiff's claims are subject to and/or barred under Indiana law by the doctrines of: (a) contributory negligence; (b) assumption of risk; ( c) incurred risk; (d) failure to avoid injury and (e) failure to mitigate damages.

12. The claims of the Plaintiff are subject to, barred by or limited by the common law, constitutional, and statutory privileges and immunities afforded Defendants under Indiana law, including but not limited to, the provisions of the Indiana Tort Claims Act, I.C. § 34-13-3-1, et. seq., including I.C. §§ 34-13-3-3(7), (8), (10), (12), (16) and (17).

13. Any and all state law claims are barred by the Plaintiff's failure to comply with the pre-suit notice requirements of the Indiana Tort Claims Act. I.C. §§ 34-13-3, *et seq*.

14.     The claims against the Defendants are not actionable under state law, are without merit, frivolous, malicious, made in bad faith and are subject to dismissal an award of costs and attorney fees.

15.     The Defendants are entitled to a credit or set-off for any settlement or collateral source payments made to, or received by Plaintiff from any other person or party.

16.     Defendants hereby adopt by reference all affirmative defenses raised by the other defendants in this action that are not stated above.

17.     This action should be dismissed under Rule (12)(b)(4) and Rule 12(b)(5) for insufficient process and service of process against Defendants.

18.     Defendants have not had the opportunity to investigate or engage in discovery regarding the allegations in this action and, therefore, reserves the right to amend, supplement or modify these affirmative defenses as may become known through further investigation, research and discovery.

WHEREFORE, Defendants, UNKNOWN EMPLOYEES OF LAKE COUNTY JAIL, pray that Plaintiff take nothing by way of his complaint, that judgment be entered in favor of Defendants and against Plaintiff on all claims and relief prayed for in the Complaint, that Defendants be granted all relief, including attorney fees, to the extent they may be entitled to under the law and for all other just and proper relief under the premises.

/s/ Casey J. McCloskey
Casey J. McCloskey, #18766-45
Attorney at Law
9111 Broadway, Ste GG
P.O. Box 10607
Merrillville, IN 46411
Ph:    (219) 738-2978
Fax:    (219) 738-2818
Email: attymccloskey@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on **September 18, 2018,** the above pleading or document was filed with the Clerk of the Court via certified U.S. Mail and copies served on all parties or counsel of record via U.S. Mail, in envelopes properly addressed with sufficient first-class postage affixed thereto, and/or by fax, email or the Court's electronic case filing (ECF) system.

/s/ Casey J. McCloskey
Casey J. McCloskey, #18766-45
Attorney at Law

Service List:
Russell W. Brown, Jr., #29628-64. . . Attorney for Plaintiff
King, Brown & Murdaugh, LLC
9211 Broadway
Merrillville, IN 46410
Ph:  (219) 769-6300
Fax: (219) 769-0633
Email: rbrown@kbmtriallawyers.com

Kevin T. McNamara, #29376-41. . . . Attorneys for Defendants, William Forgey, MD and
John M. McCrum, #9988-45            Correctional Health Indiana, Inc.
Eichhorn & Eichhorn, LLP
2929 Carlson Drive, Suite 100
P.O. Box 2275
Hammond, IN 46323
Ph:    (219) 931-0560
Fax:    (219) 931-5370
Email: jmccrum@eichhorn-law.com;
       kmcnamara@eichhorn-law.com

John M. Kopack, #5302-45. . . . . . . . Attorney for Defendants, John Buncich in his official
Kopack & Associates          capacity as Sheriff of Lake County and Edward Davies in
9111 Broadway, Suite GG      his official capacity as Administrator of the Lake County
P.O. Box 10607               Jail
Merrillville, IN 46411
Ph.:    (219) 738-2978
Fax:    (219) 738-2818
Email: john@kopack-law.com