UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| FRANK PEREZ, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO.: 2:18-CV-00295-JTM-JEM |
| | ) | |
| LAKE COUNTY SHERIFF DEPARTMENT | ) | |
| EDWARD | ) | |
| DAVIES, individually and in his official | ) | |
| Capacity as Jail Administrator of Lake | ) | |
| County Jail; Dr. WILLIAM FORGEY, | ) | |
| Individually and in his official capacity as | ) | |
| Medical Director of Lake County Jail; | ) | |
| UKNOWN EMPLOYEES OF LAKE | ) | |
| COUNTY JAIL; CORRECTIONAL | ) | |
| HEALTH INDIANA, INC. and UKNOWN | ) | |
| EMPLOYEES OF CORRECTIONAL | ) | |
| HEALTH INDIANA, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

COMES NOW, Plaintiff Frank Perez, Jr. by Counsel Russell W. Brown, Jr. of King, Brown & Murdaugh, LLC, and for his Complaint for Damages against the defendants, John Buncich, in his official capacity as Sheriff of Lake County, Edward Davies, individually and in his official capacity as Jail Administrator of Lake County Jail; Dr. William Forgey, Individually and in his official capacity as Medical Director of Lake County Jail; Unknown Employees of Lake County Jail; Correctional Health Indiana, Inc. ("CHI"), and Unknown Employees of Correctional Health Indiana, Inc., state and allege as follows:

## JURISDICTION, BACKGROUND & VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Frank Perez, Jr.'s rights as secured by the United States Constitution.

2. Prior to July 20, 2016, Mr. Perez was an inmate of a Federal correctional facility under the supervision of the Federal Bureau of Prisons in Terre Haute, Indiana (Registration No: 33169-068). Mr. Perez was transferred to the Lake County Jail, located in Crown Point, Indiana, where he was held awaiting the resolution of the matter United States of America vs. Frank Perez, Jr., Cause No.: 2:13-CR-00111 which was pending in the Northern District Court of Indiana, Hammond Division. On or about July 20, 2016, Mr. Perez was waiting to be removed from his cell for a scheduled visitation at the Lake County Jail. Without making contact with Mr. Perez prior to opening his cell or advising Mr. Perez that he was opening his cell, Defendant Unknown Employees of Lake County Jail opened his cell. Mr. Perez's hand was on the bars of the cell door. When the door was opened, Mr. Perez's hand was crushed in between the bars causing significant injury to his hand. Mr. Perez's several requests for medical treatment were ignored. After approximately twenty-seven (27) days from his injury, Mr. Perez finally received the necessary treatment.

## THE PARTIES

3. In July 2016, Frank Perez was an inmate of the Lake County Jail and a resident of Lake County, Indiana.

4. At all relevant times hereto, the Lake County Jail was operated by the Lake County Sheriff Department.

5. At all times relevant to the events at issue in this case, John Buncich was the duly elected Sheriff of Lake County, Indiana. As such, Buncich was acting under color of law. He is sued in his official and individual capacities.

6. At all times relevant to the events at issue in this case, Buncich promulgated rules, regulations, policies, and procedures as Sheriff of Lake County for the provision of certain medical care by medical personnel and corrections officers, including administration of medical treatment and medication, to detainees at Lake County Jail. Buncich's policies were implemented by and through jail employees and contractors, including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Lake County Jail.

7. At all times relevant to the events at issue in this case, Buncich promulgated rules, regulations, polices, and procedures as Sheriff for the training, supervision, and discipline of correctional offices and medical personnel with respect to: (1) communicating or failing to communicate detainee requests for medication or medical attention to medical care personnel; (2) alerting or failing to alert medical care personnel to detainees' medical needs; and (3) providing or failing to provide medication or medical attention to detainees. Buncich's polices were implemented by and through Jail employees and contractors including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Lake County Jail.

8. At all times relevant to the events at issue in this case, Buncich promulgated rules, regulations, policies and procedures as Sheriff of Lake County for how inmates are to be released from their cells.

9. At all times relevant to the events at issue in this case, Buncich, as Sheriff of Lake County, was the final policymaker for the Defendant Lake County Sheriff's Department and the Lake County Jail.

10. At all times relevant to the events at issue in this case, Defendant Edward Davies was employed by the Lake County Sheriff's Department as the Jail Administrator. As such, Defendant Davies was acting under color of law. He is sued in his official and individual capacities. In his role as Jail Administrator, Defendant Stewart was responsible for ensuring that the Jail provided lawful treatment and care to the Jail detainees and that the practices of the Jail complied with federal and state requirements for the treatment of detainees, including that detainees are provided with proper medical care. Defendant Davies had personal knowledge that detainees were not provided with proper medical care. Defendant Davies had personal knowledge that detainees were not being provided with proper medical care, and thus that the Jail, its employees, and its contractors were not meeting their obligations to provide proper medical care, and Defendant Davies implemented, enforced, and/or condoned such practices.

11. At all times relevant to the events at issue in this case, as Jail Administrator, Defendant Davies was responsible for ensuring that the practices of the Jail, with respect to releasing detainees from their cells. Defendant Davies had personal

knowledge that Lake County Jail Employees were not properly following policies and procedures when releasing detainees.

12. At all times relevant to the events at issue in this case, Defendant Dr. William Forgey was medical director of Lake County Jail.  As medical director, Defendant Forgey had responsibility for overseeing the Jail's medical department, and for responding to detainees' health and medical needs that were brought to his attention.  The health and medical needs of Plaintiff, and the injuries that Plaintiff suffered as a result of the Jail's policies and practices, were brought to the attention of Defendant Forgey, and Forgey was deliberately indifferent to them.

13. At all times relevant to the events at issue in this case, Unknown Employees of Lake County jail ("LCJ") were employed by the Lake County Sheriff's Department and worked at the LCJ as correctional officers.  As such, these Defendants were acting under color of law.

14. Defendant Correctional Health Indiana, Inc. ("CHI"), is a for-profit Indiana Corporation with its principal place of business at 817 Veterans Lane, Crown Point, Indiana 46307.  At all times relevant to the events at issue in this case, Defendant Correctional Health contracted with Lake County and the Lake County Sheriff's Department to provide medical evaluation, care, treatment and medication to detainees incarcerated at the LCJ.  In its capacity as a contractor to the LCJ, Defendant CHI was, at all relevant times, acting under color of law.

15. At all times relevant to the events at issue in this case, Defendant CHI, in its capacity as contractor to the LCJ, promulgated rules, regulations, policies, and procedures for the provision of certain medical care by medical personnel and correctional officers,

including administration of medical care and medication, to detainees at the LCJ. Defendant CHI's policies were implemented by and through Jail employees and contractors, including the individual Defendant officers and individual Defendant Medical Care providers, who were responsible for the medical care of detainees at LCJ.

16. At all times relevant to the events at issue in this case, Defendant CHI, in its capacity as contractor to the LCJ, promulgated rules, regulations, polices and procedures for the training, supervision, and discipline of correctional officers and medical personnel with respect to: (1) communicating or failing to communicate detainee requests for medication or medical attention to medical care personnel; (2) alerting or failing to alert medical care personnel to detainees' medical needs; and (3) providing or failing to provide medication or medical attention to detainees. Defendant Correctional Health's polices were implemented by and through Jail employees and contractors including the individual Defendant Officers and individual Defendant Medical Care Providers, who were responsible for the medical care of detainees at Lake County Jail.

17. At all times relevant to the events at issue in this case, Defendants Unknown Employees of Correctional Health were employees of Correctional Health and had the responsibility to provide evaluation, care, treatment, and medication to detainees incarcerated at the Lake County Jail.

# FACTS

18. Prior to July 20, 2016, Mr. Perez was an inmate of a Federal correctional facility under the supervision of the Federal Bureau of Prisons in Terre Haute, Indiana (Registration No: 33169-068).

19. Mr. Perez was transferred to the Lake County Jail, located in Crown Point, Indiana, where he was held awaiting the resolution of the matter United States of America vs. Frank Perez, Jr., Cause No.: 2:13-CR-00111 which was pending in the Northern District Court of Indiana, Hammond Division.

20. On or about July 20, 2016, Mr. Perez was waiting to be removed from his cell for a scheduled visitation at the LCJ.

21. Mr. Perez knew that the policy and/or practice of the LCJ was that a correctional officer must make contact with Mr. Perez prior to opening his cell.

22. Without making contact with Mr. Perez prior to opening his cell or advising Mr. Perez that his cell was being opened, Defendant Unknown Employees of LCJ opened his cell.

23. Mr. Perez's hand was on the bars of the cell door. When the door was opened, Mr. Perez's hand was crushed in between the bars.

24. Mr. Perez immediately screamed in pain and Unknown Defendant of Lake County Jail closed the cell door crushing Mr. Perez's hand again.

25. Mr. Perez's suffered significantly injury including breaking multiple bones.

26. Mr. Perez, in excruciating pain, immediately requested and demanded medical attention.

27. After approximately one and one-half hours of constantly requesting medical assistance, Defendants Unknown Employees of LCJ and Unknown Employees of CHI refused Mr. Perez medical attention; however, brought him an ice pack and ibuprofen.

28. Mr. Perez requested/demanded to see the doctor; however he was refused.

29. Mr. Perez requested/demand several times for a grievance form for the failure to provide him medical attention, but Defendant Unknown Officers of LCJ and Defendant Unknown Employee of CHI refused to provide Mr. Perez with a grievance form.

30. On or about July 23, 2016, Mr. Perez was finally brought to the medical center at the LCJ where he received x-rays.

31. On or about July 25, 2016, Mr. Perez was taken to the emergency room at Methodist Hospital.

32. Defendant Unknown Employees of LCJ and Unknown Employees of CHI were advised by the doctor that Mr. Perez's hand required surgery.

33. A surgery was scheduled for July 29, 2016.

34. Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Dr. Forgey and Defendant Davies intentionally and deliberately failed to transport Mr. Perez to Methodist Hospital on July 29, 2016 to receive surgery.

35. Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Dr. Forgey and Defendant Davies transported Mr. Perez to Methodist Hospital on August 10, 2016 for medical treatment.

36. Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Dr. Forgey and Defendant Davies were advised that there would be an approximately one hour wait until Mr. Perez could begin his surgery.

37. Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Dr. Forgey and Defendant Davies were unwilling to wait and, despite the insistence from the doctor that Mr. Perez required immediate surgery, returned him to LCJ.

38. Mr. Perez continued to complain of severe pain.

39. Finally, Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Buncich, Defendant Dr. Forgey and Defendant Davies took Mr. Perez back to Methodist Hospital on August 16, 2016 where he received surgery.

40. Upon returning to the LCJ from surgery, Mr. Perez was denied his one-hour cell release as retaliation for his continued complaints and grievances.

41. Defendant Lake County Sheriff Department and Defendant Davies promulgated rules and procedures on how an inmate should be released from his cell at the LCJ.

42. Defendant Lake County Sheriff Department and Defendant Davies provided inadequate training, supervision and discipline to personnel at the LCJ regarding the policy and procedure about how an inmate should be released from his cell.

43. Defendants Lake County Sheriff Department and Defendant Davies' knew of should have known that their failure to provide adequate training, supervision and discipline would result in injury to an inmate.

44. As a result of Defendants Lake County Sheriff Department and Davies' conduct, Mr. Perez suffered immense pain and permanent injury.

45. As a result of Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Lake County Sheriff Department, Defendant Dr. Forgey, Defendant CHI and Defendant Davies conduct, Mr. Perez suffered immense pain and permanent injury.

46. Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Lake County Sheriff Department, Defendant Dr. Forgey, Defendant CHI and Defendant Davies have engaged in a pattern and practice of failing and/or refusing to provide adequate and necessary medical treatment to inmates.

47. Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Lake County Sheriff Department, Defendant Dr. Forgey, Defendant CHI and Defendant Davies have engaged in a pattern and practice of failing to adequately treat inmates who require medical care.

48. Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Lake County Sheriff Department, Defendant Dr. Forgey, Defendant CHI and Defendant Davies have acted with deliberate indifference toward Mr. Perez's medical needs and well-being, in that they knew of the substantial injuries and they ignored his requests for medical treatment.

49. Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Lake County Sheriff Department, Defendant Dr. Forgey, Defendant CHI and Defendant Davies actions and inactions have amounted to unnecessary and wanton infliction of pain and grief.

50. Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Lake County Sheriff Department, Defendant Dr. Forgey, Defendant CHI and

Defendant Davies actions and inactions toward Mr. Perez have caused him physical and emotional injury, and have created significant and permanent scarring.

51. Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Lake County Sheriff Department, Defendant Dr. Forgey, Defendant CHI and Defendant Davies have violated Mr. Perez's clearly established and well-settled federal and state constitutional rights, including his right to be free from deliberate indifference to his medical needs and well-being.

52. Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Lake County Sheriff Department, Defendant Dr. Forgey, Defendant CHI and Defendant Davies acted with callous indifference toward Plaintiff's federal and state rights.

53. At all times during the events at issue, each of the Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Lake County Sheriff Department, Defendant Dr. Forgey, Defendant CHI and Defendant Davies, upon information and belief, were aware of and acquiesced in the acts of the other Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Lake County Sheriff Department, Defendant Dr. Forgey, Defendant CHI and Defendant Davies.

54. Defendant Lake County Sheriff Department, Dr. Forgey and CHI have acted with deliberate indifference, failed to adequately train, supervise and discipline personnel at the Lake County Jail, and the injuries to Mr. Perez were caused by, and were a foreseeable consequence of, such failures.

55. Defendants Lake County Sheriff Department, Dr. Forgey and CHI have, with deliberate indifference, failure to adequately train and supervise personnel at LCJ

concerning the proper practices to provide for the health and humane treatment of the inmates, and the injuries to Mr. Perez were caused by, and were a foreseeable consequence of, such failures.

56. Lake County Sheriff Department, Dr. Forgey and CHI knew and/or reasonably should have known that they had provided inadequate training, supervision and discipline to personnel at the LCJ, and that this failure was likely to result in the constitutional violations that caused Mr. Perez's injuries.

57. Plaintiff's serious injuries were a foreseeable and direct result of Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Lake County Sheriff Department, Defendant Dr. Forgey, Defendant CHI and Defendant Davies actions and inactions.

58. Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Lake County Sheriff Department, Defendant Dr. Forgey, Defendant CHI and Defendant Davies conduct shocks the conscience.

59. As a direct and proximate result of Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Lake County Sheriff Department, Defendant Dr. Forgey, Defendant CHI and Defendant Davies wrongful actions and inactions, Mr. Perez has incurred significant hardship.

60. As a direct and proximate result of the Defendants Unknown Employees of LCJ, Unknown Employees of CHI, Defendant Lake County Sheriff Department, Defendant Dr. Forgey, Defendant CHI and Defendant Davies wrongful actions and inactions, Mr. Perez has suffered grievously and needlessly, including, without limitation, severe bodily injury, extreme pain and discomfort, and severe emotional distress.

## COUNT I: 42 U.S.C § 1983
## Violation of Eighth Amendment Rights
## Against Defendants Lake County Sheriff Department, Dr. Forgey, CHI, Davies, Unknown Employees of LCJ and Unknown Employees of CHI

61. Each paragraph of this Complaint is incorporated as if restated fully herein.

62. Defendants, acting under color of law, denied Mr. Perez his rights under the Eighth Amendment to the United States Constitution in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983.

63. Mr. Perez suffered an objectively serious medical condition and Defendants were deliberately indifferent to his condition.

64. As a direct and proximate result of the aforesaid, Plaintiff has been damaged as alleged.

## COUNT II: 42 U.S.C § 1983
## Violation of Fourteenth Amendment Rights
## Against Defendants Lake County Sheriff Department, Dr. Forgey, CHI, Davies, Unknown Employees of LCJ and Unknown Employees of CHI

65. Each paragraph of this Complaint is incorporated as if restated fully herein.

66. Defendants, acting under color of law, denied Plaintiff his rights under the Fourteenth Amendment to the United States Constitution in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1983.

67. As a direct and proximate result of the aforesaid, Plaintiff has been damaged as alleged.

## COUNT III: 42 U.S.C § 1983
## Defendant Lake County Sheriff Department, Dr. Forgey and CHI

68. Each paragraph of this Complaint is incorporated as if restated fully herein.

69. Prior to the events at issue herein, Defendant Lake County Sheriff Department developed and maintained policies, practices and/or customs exhibiting deliberate indifference to the constitutional rights of persons within the LCJ, which caused violations of Mr. Perez's.

70. It was the policy, practice and/or custom of Defendant Lake County Sheriff Department, Dr. Forgey and CHI to fail to adequately treat inmates who required extensive and/or expensive medical care.

71. It was the policy, practice and/or custom of Defendant Lake County Sheriff Department, Dr. Forgey and CHI to inadequately and improperly investigate and scrutinize the backgrounds of administrators and medical service providers, including those identified herein.

72. As a result, Defendant Lake County Sheriff Department, Dr. Forgey and CHI retained administrators and medical service providers, including those identified herein, who have deprived the federally and state protected rights of people with whom they have come into contact, including Mr. Perez.

73. The deprivation of rights was the plainly obvious consequence of Defendant Lake County Sheriff Department, Dr. Forgey and CHI's failure to adequately and properly investigate and scrutinize the backgrounds of administrators and medical providers.

74. It was the policy, practice and/or custom of Defendant Lake County Sheriff Department, Dr. Forgey and CHI to inadequately and improperly investigate complaints regarding constitutional violations at the LCJ (including complaints concerning inadequate medical care), and such violations were instead tolerated by the Defendants.

75. It was the policy, practice and/or custom of Defendant Lake County Sheriff Department, to inadequately supervise and train its administrators and medical providers, including those identified herein, thereby failing to adequately discourage further constitutional violations on the part of these officials.

76. Defendant Lake County Sheriff Department, Dr. Forgey and CHI did not provide and/or require appropriate in-service training or re-training to prevent constitutional violations.

77. As a result of the above described policies, practices and customs, administrators and medical providers believed that their actions would not be investigated or sanctioned, but would be tolerated.

78. The above described policies, procedures and customs demonstrated a deliberate indifference on the part of the policymakers to the constitutional rights of persons within the LCJ, and were the cause of the violations of Mr. Perez's rights as alleged herein.

79. As a direct and proximate result of the aforesaid, Mr. Perez has been damaged as alleged.

### COUNT IV: State Law Negligence
### Against Defendants Lake County Sheriff Department, Davies, Unknown Employees of LCJ

80. Each paragraph of this Complaint is incorporated as if restated fully herein.

81. Mr. Perez was in the custody and control of LCJ.

82. Defendants had a duty to provide Mr. Perez with safe living conditions.

83. Defendants had a duty to safely transport Mr. Perez in and out of his cell.

84. As stated in detail above, Defendants failed to provide Mr. Perez with safe conditions and failed to safely transport Mr. Perez in and out of his cell.

85. As a direct result of Defendants' failures, Mr. Perez suffered significant permanent physical injury and immense pain.

## COUNT V: State Law Negligence
## Against Defendants Lake County Sheriff Department, Davies, Unknown Employees of LCJ

86. Each paragraph of this Complaint is incorporated as if restated fully herein.

87. Mr. Perez was in the custody and control of LCJ.

88. Defendants had a statutory duty to take care of Mr. Perez which includes providing adequate medical treatment.

89. Defendants failed to provide Mr. Perez adequate medical treatment in a reasonable manner.

90. As a direct result of Defendants' failure, Mr. Perez suffered immense pain and permanent injury.

## COUNT VI: State Law
## Respondeat Superior
## Defendant Lake County Sheriff Department

91. Each paragraph of this Complaint is incorporated as if restated fully herein.

92. In committing the acts alleged in the preceding paragraphs, Defendant Unknown Employees of LCJ, Defendant Unknown Employees of CHI were employees, members, and agents of Lake County Jail, acting at all relevant times within the scope of his or her employment.

93. Defendant Lake County Sheriff Department is liable as principal for all torts committed by their agents.

## COUNT VII: State Law Negligence
## Against Defendants Dr. Forgey, CHI, Unknown Employees of CHI

94. Each paragraph of this Complaint is incorporated as if restated fully herein.

95. Mr. Perez was in the custody and control of LCJ.

96. Defendants contracted with Lake County and the LCJ to provide medical treatment and services to the inmates of the LCJ.

97. Defendants had a statutory duty to take care of Mr. Perez which includes providing adequate medical treatment.

98. Defendants failed to provide Mr. Perez adequate medical treatment in a reasonable manner.

99. As a direct result of Defendants' failure, Mr. Perez suffered immense pain and permanent injury.

## **COUNT VIII: State Law**
## **Respondeat Superior**
## **Defendant CHI**

100. Each paragraph of this Complaint is incorporated as if restated fully herein.

101. In committing the acts alleged in the preceding paragraphs, Defendant Unknown Employees of CHI were employees, members, and agents of CHI, acting at all relevant times within the scope of his or her employment.

102. Defendant CHI is liable as principal for all torts committed by their agents.

## **COUNT IX: First Amendment**
## **Retaliation**
## **Defendant Unknown Officers of LCJ, Unknown Employees of CHI**

103. Each paragraph of this Complaint is incorporated as if restated fully herein.

104. Mr. Perez filed a grievance form against Defendants for failing to provide him adequate medical treatment.

105. As a result of his grievances, Mr. Perez was stripped of his recreation time throughout the day.

106. Defendants stripped Mr. Perez of his recreation time to punish him for his grievances and in an attempt to silence him.

## REQUESTED RELEIF

WHEREFORE, Plaintiff requests that the Court find and determine, after trial by jury as appropriate, that the Plaintiff has suffered substantial and continuing injury as a result of deprivation of his civil and constitutional rights, and otherwise wrongful conduct, and aware the following relief as appropriate:

a. Compensatory damages

b. Punitive damages against the individual capacity Defendants

c. Attorneys' fees and costs

d. Such other legal and equitable relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff, Frank Perez, Jr., hereby demands a trial by jury on all issues so triable.

Dated this 12th day of November, 2018.

                                    RESPECTFULLY SUBMITTED,

                                    /s/ Russell W. Brown, Jr. _____
                                    Russell W. Brown, Jr.
                                    KING, BROWN & MURDAUGH, LLC
                                    9211 Broadway
                                    Merrillville, IN 46410
                                    219-769-6300
                                    rbrown@kbmtriallawyers.com
                                    Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing Amended Complaint was filed via the CM/ECF system on this 12th day of November, 2018. I further certify that a true and accurate copy of the foregoing Amended Complaint was served to all parties of record via the CM/ECF system on this 12th day of November, 2018.

                                    /s/ Russell W. Brown, Jr. _____
                                    Russell W. Brown, Jr.