UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FRANK PEREZ, JR., )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>LAKE COUNTY SHERIFF )<br>DEPARTMENT, *et al.*, )<br>   Defendants. ) | CAUSE NO. 2:18-CV-295-JTM-JEM |

**FINDINGS, REPORT, AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on a Motion to Dismiss or to Bar Evidence for Failure to Comply with the Court's Discovery Orders [DE 72], filed on August 3, 2020, by Defendant Correctional Health Inc. ("CHI").[1] CHI seeks to dismiss the claims against it because Plaintiff has not produced discovery as ordered by the Court. Plaintiff did not respond to the motion within the time allotted.[2]

On August 4, 2020, District Court Judge James T. Moody entered an Order [DE 75] referring this matter to the undersigned Magistrate Judge for a report and recommendation on the motion pursuant to 28 U.S.C. § 636(b)(1)(B).

**I.   Background**

Defendant CHI served interrogatories and requests for production on Plaintiff on March 26,

---

[1] Although the docket indicates that the motion was also filed on behalf of co-defendant Dr. William Forgey, *see* [DE 72], the motion itself does not mention Forgey or demonstrate that Plaintiff owes discovery responses to Forgey. Accordingly, the Court considers dismissal as to CHI only.

[2] As the Court has reminded counsel for Plaintiff in previous cases, failure to respond to a motion to dismiss – particularly one based on lack of responsiveness to court orders – mitigates in favor of sanctions. *See Carmen v. Davies et al.*, 2:18-cv-227-JTM-JEM [DE 58], *Wilson v. Lake Cty. Sheriff's Dep't et al.*, 2:18-cv-461-JTM-JEM [DE 48], *Eazelle v. Poling et al.*, 2:18-cv-469-JTM-JEM [DE 56].

2019. Plaintiff did not respond to the requests until August 2, 2019, and CHI argued that the responses were deficient. At a discovery conference on September 6, 2019, the parties agreed that Plaintiff would supplement the responses to several interrogatories by October 25, 2019. Plaintiff did not meet that deadline, and CHI filed a motion to compel, to which Plaintiff did not respond. The Court granted the motion to compel and ordered Plaintiff to provide documents responsive to CHI's requests for production, and supplemental responses to five of CHI's interrogatories, by January 3, 2020. *See* December 5, 2019 Order [DE 47].

Plaintiff has updated his interrogatory responses in December 2019 and March 2020, but has not produced any documents. CHI argues that Plaintiff's responses remain deficient, and asks that the claims against it be dismissed, or that Plaintiff be barred from introducing evidence from those discovery responses at trial.

**II.     Analysis**

If a party "fails to obey an order to provide or permit discovery," the Court "may issue further just orders," including dismissal of the action or prohibiting the disobedient party from introducing those matters into evidence. Fed. R. Civ. P. 37(b)(2)(A). Discovery sanctions should be "proportionate to the circumstances" of the failure to comply. *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir.1996). In determining the appropriate sanction, the Court should consider the prejudice to the other party, whether the proposed sanction would cure any asserted prejudice, and the likelihood of disruption to the trial. *Robinson v. Champaign Unit 4 Sch. Dist.*, 412 F. App'x 873, 877 (7th Cir. 2011). Dismissal can be appropriate when a plaintiff fails to comply with a discovery order and that failure results from willfulness, bad faith, or fault. *Farrar v. City of Chicago*, 61 F. App'x 967, 969 (7th Cir. 2003) (citations omitted). Dismissal of a claim with prejudice should be

considered "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable." *Rice v. City of Chicago*, 333 F.3d 780, 785-86 (7th Cir. 2003).

CHI argues that Plaintiff has still not produced any documents in response to its requests for production, and that his answers to interrogatories remain deficient. Plaintiff did not respond to the motion to compel or the motion to dismiss, and no legitimate reason for his failure to produce discovery is apparent from the record. Of the five interrogatories referenced in the Court's discovery order, one response (to CHI Interrogatory 3(c)) has been properly supplemented. As to the remaining four (CHI Interrogatories 2, 6, 9(a), and 11), Plaintiff provides no substantive response, stating that responses would be supplemented through discovery taken from Defendants. Plaintiff has had roughly 17 months in which to obtain that discovery. CHI has also identified other interrogatory responses, not subject to the order on the motion to compel, that appear to be inadequate.

The Seventh Circuit Court of Appeals has held that "the harsh sanction of dismissal [should] be employed only as a last resort." *Rice*, 333 F.3d at 785-86; *see also Banco Del Atlantico, S.A. v. Woods Indus. Inc.*, 519 F.3d 350, 354 (7th Cir. 2008) (holding that dismissal "can only be employed in rare cases"). The Court notes that, while Plaintiff and his counsel have not been diligent in pursuing discovery, Plaintiff has made some efforts to supplement his responses, and the parties have twice agreed to extend fact discovery, acknowledging that discovery has been significantly delayed by the COVID-19 outbreak. This indicates that Plaintiff could still be able to produce enough information to allow the case to proceed. The Court declines to recommend the "last resort" of dismissal at this time, but will bar Plaintiff from using the content of the delayed responses as

3

evidence.

Plaintiff is warned that he cannot continue to ignore deadlines and discovery orders. If he does so again, the case should be dismissed. *See*, *e.g.*, *Watkins v. Nielsen*, 405 F. App'x 42, 43-45 (7th Cir. 2010) (upholding dismissal after lengthy delays in producing discovery where "[a] brief glance at Watkins's interrogatory responses is enough to confirm that they are deficient, and at oral argument plaintiff's counsel conceded that Watkins's delays in providing information had led to the incomplete answers"); *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857-58 (7th Cir. 1998) (upholding dismissal due to "Williams's attorneys' frequent disregard of discovery rules, protocol, and the court's deadlines and schedules"). The Court explicitly warns Plaintiff that failure to comply with the conditions outlined below will likely result in dismissal and an award of Defendants' attorney's fees arising from the failure to comply.

Plaintiff must <u>completely</u> supplement his responses to CHI Interrogatories #2, 6, 8, 9, and 11, and produce documents responsive to CHI's requests for production, by October 15, 2020. As for the responses Plaintiff was specifically ordered to produce in the December 5, 2019 discovery order – responses to CHI Interrogatories #2, 6, 9(a), 11, and documents responsive to CHI's requests for production – Plaintiff **<u>may not</u>** introduce the facts in those completed responses as evidence at any motion, hearing, or trial in this matter, unless introduced by another party. Where the interrogatory asks Plaintiff to identify a witness, the witness will not be permitted to testify at trial unless introduced by another party.

### III.    Conclusion

With regard to the outstanding discovery, which is not subject to the order of referral, the Court hereby **ORDERS**:

4

(1) Plaintiff must provide completely supplement his interrogatory responses to CHI, and produce documents responsive to CHI's request for production of documents, by **October 15, 2020**;

(2) Plaintiff **may not** introduce the facts in his completed responses to CHI Interrogatories #2, 6, 9(a), 11, and the documents responsive to CHI's requests for production, at any motion, hearing, or trial in this matter, unless introduced by another party. Where an interrogatory asks Plaintiff to identify a witness, the witness's testimony is not permitted unless introduced by another party.

For the reasons described above, the Court hereby **RECOMMENDS** that the District Court **DENY without prejudice** the Motion to Dismiss or to Bar Evidence for Failure to Comply with the Court's Discovery Orders [DE 72].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served to file written objections to this Report and Recommendation with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc*., 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994).

SO ORDERED this 4th day of September, 2020.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record

5