UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FRANK PEREZ, JR., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 2:18-CV-295-JTM-JEM |
| ) | |
| LAKE COUNTY SHERIFF DEPARTMENT, ) | |
| *et al.*, ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Second Motion to Amend Complaint [DE 98], filed on November 3, 2022. Plaintiff requests that the Court grant him leave to file a Second Amended Complaint naming various new individuals to replace parties previously identified as unknown defendants.

**I.   Background**

On July 18, 2018, Plaintiff filed this action in state court; it was removed to this Court on August 10, 2018. Plaintiff amended his Complaint on November 12, 2018. On January 29, 2019, this Court entered a discovery schedule, setting a deadline of March 1, 2019 for Plaintiff to seek leave to amend his complaint, which was extended by agreement to March 8, 2019. After several extensions, fact discovery closed on April 22, 2022.

Defendant's initial disclosures, served on Plaintiff on February 27, 2019, identified fifteen individuals, including two of the individuals Plaintiff now seeks to add as individual defendants in place of the two unidentified Correctional Health employees originally listed. Those individuals were also identified in Defendants' Answers to Interrogatories served on Plaintiff on April 29, 2020. In Defendants' Answers to Interrogatories served on Plaintiff on June 5, 2020, four

1

correctional officers were identified by name as either working at the time of, or transporting Plaintiff to the hospital after, the incident at issue. Those individuals include the names of the officers Plaintiff now seeks to name as defendants.

On November 3, 2022, Plaintiff filed the instant Motion seeking to amend the Complaint and add parties Defendants filed their response on November 14, 2022, objecting that the Motion is untimely. Plaintiff has not filed a reply, and the time to do has expired.

**II.     Analysis**

Plaintiff seeks leave to amend his Complaint to name various defendants previously listed as unknown, arguing that the names of those defendants were discovered during discovery and that Indiana Trial Rules allow the amendment. Defendants argue that the request is untimely and that Indiana Trial Rules do not control federal litigation.

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a party are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

Plaintiff's motion was filed three and a half years after the March 8, 2019, deadline for the parties to move for an amendment to the pleadings, as set in the Court's Scheduling Order [DE 35], but Plaintiff has never requested an extension of that deadline. When a party moves to amend its complaint after the amendment deadline set in a Rule 16 order, the Court first considers whether to extend the deadline under the "heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment," *Id.* at 720, a burden that "is more onerous than Rule 6(b)(1)(B)'s 'excusable neglect' requirement." *McCann v. Cullinan*, No. 11 CV 50125, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015) (citations omitted).

Plaintiff has not exercised due diligence in seeking to file the Second Amended Complaint. The names of, and the roles played by, the various individuals in the incident at issue have been known to Plaintiff since no later than June 5, 2020. Plaintiff conducted depositions of at least two of those individuals. Plaintiff has made no argument based on federal procedural law that he is entitled to amend his complaint at this late date, instead relying wholly on Indiana Trial Rules. However, federal courts apply federal rules of procedure. *See e.g., Hefferman v. Bass*, 467 F.3d 596, 599 (7th Cir. 2006) ("The Federal Rules of Civil Procedure apply to all cases filed in federal court, no matter what the basis of subject matter jurisdiction.").

Plaintiff also briefly asserts that this amendment will relate back to the original filing but puts forth no cognizable analysis of why it would relate back. Defendants argue that allowing an amendment would be futile as the statute of limitations expired no later than August 2018, more than four years before Plaintiff sought leave to amend his complaint, and therefore the amendment

3

would be futile. Plaintiff has not responded to this argument, and since his argument is based solely on Indiana state procedural rules, his position is inapposite.

As Defendants argue, Plaintiffs knew or should have known the names and activities of each of the individuals no later than June 5, 2020, and took no action in the more than two since then to name those individuals as defendants. There is no good cause for Plaintiff's failure to identify and name these individuals long before now.

Plaintiff has failed to establish that he was diligent, nor has he established good cause for modifying the scheduling order as required by Rule 16(b)(4). Accordingly, the Court declines to extend the deadline for seeking leave to amend pleadings. The Second Motion to Amend is untimely, coming after undue delay. Allowing amendment at this late stage in the proceedings, after discovery is closed, would cause prejudice to the parties.

### III.   Conclusion

Accordingly, the Court hereby **DENIES** the Plaintiff's Second Motion to Amend Complaint [DE 98].

SO ORDERED this 30th day of November, 2022.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record